ACCEPTED
03-15-00174-CV
4745489
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/2/2015 1:01:03 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00174-CV

| | | |
|---|---|---|
| **LEVI MORIN** | § | |
| *Appellant,* | § | |
| | § | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| **v.** | § | |
| | § | **THIRD COURT OF APPEALS** |
| **LAW OFFICE OF KLEINHANS** | § | **AUSTIN, TEXAS** |
| **GRUBER, PLLC,** | § | |
| *Appellee.* | § | |

4/2/2015 1:01:03 PM
JEFFREY D. KYLE
Clerk

## RESPONSE TO MORIN'S MOTION TO EXTEND TIME TO NOTICE APPEAL
## AND MOTION TO DISMISS APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Appellee, LAW OFFICE OF KLEINHANS GRUBER, PLLC, in

the above styled and numbered cause, and moves the Court to deny LEVI MORIN's

Motion to Extend Time to Notice Appeal and moves this Court to grant this Motion

to Dismiss Appeal.

### A.   Unfiled Record and/or Reference Abbreviations

**"District Court"** refers to the case subject to this appeal that is pending before
Honorable Judge Stephen Yelenoski in the 201st District Court of Travis County,
Texas, Cause No. D-1-GN-14-003874; *Law Office of Kleinhans Gruber, PLLC v.
Levi Morin.*

**"TCPA"** refers to the Texas Participation Act.

 **"Amended Order; 03-05.15"** refers to the Amended Order signed by the court on
March 26, 2015, arising from the District Court hearing on March 5, 2015, which
denied LEVI MORIN's Motion to Dismiss under the Texas Citizens Participation
Act on various grounds, which is attached hereto and incorporated herein by
reference as *Exhibit A*.

**"Motion to Extend _____; 03-23-15"** refers to the page number and paragraph number of the Motion to Extend Time to Notice Appeal filed by LEVI MORIN on March 23, 2015, which is the subject of this Response.

**"Motion to Strike; _____; 02-18-15"** refers to the page number and paragraph number of LAW OFFICE OF KLEINHANS GRUBER, PLLC's Second Amended Plaintiff's Motion to Strike or Deny Morin's Motion to Dismiss and Motion for nonsuit or In the Alternative motion for Continuance and Motion to Withdraw Nonsuit and Motion for Sanctions filed with the District Court on February 18, 2015, which is attached hereto and incorporated herein by reference as *Exhibit B*.

**"Return Citation; 09-30-14"** refers to the citation served on LEVI MORIN with the District Court lawsuit, which is attached hereto and incorporated herein by reference as *Exhibit C*.

**"TCPA Pleading; 12-03-14"** refers to the Refiled Motion to Dismiss filed by LEVI MORIN on December 3, 2015, which was filed following the December 1, 2014 filing without exhibits or affidavits, as LEVI MORIN admits in his Motion to Extend.

## B. Factual and Statutory Background

1. On September 30, 2014, Nicole M. Hybner of Austin Process, LLC personally served LEVI MORIN at the front door of his residence located at 1901 Onion Creek Parkway #3107, Austin, Texas 78748 at 8:06 a.m. with the Original Petition and Request for Disclosure that initiated the lawsuit in District Court that is the subject of this appeal.[1]

2. On December 1, 2014, the Monday following the 60th day deadline pursuant

---

[1] Return Citation; 09-30-14.

to TCPA[2], LEVI MORIN alleges that he filed his TCPA Pleading, as defined above, under the Texas Citizens Participation Act. This filing was made without any exhibits or affidavits and therefore, for purposes of meeting the 60-day deadline the District Court considered this to be no filing at all[3].

3.  **LEVI MORIN Missed 60-day Filing Deadline**: December 3, 2014, LEVI MORIN refiled his TCPA Pleading, this time, with exhibits and affidavits, and therefore, this is the date the District Court considered the TCPA Pleading to be untimely filed, and likewise, the District Court found no good cause to extend this deadline beyond 60 days[4].

4.  **LEVI MORIN Also Missed 60-day Hearing Deadline**: Had LEVI MORIN's TCPA Pleading been timely filed, January 30, 2015 would be the second deadline, which is the 60-day hearing deadline on his TCPA Pleading pursuant to TCPA[5]—of which good cause was *NOT* found to extend the

---

[2] Pursuant to Tex. Civ. Prac. & Rem. Code § 27.003(b), "a Motion to Dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action."
[3] "…the Court: 1) Finds no good cause to extend the deadline for Morin to file his motion to dismiss; …3) Strikes the exhibits to Morin's motion to dismiss, which were filed after the deadline for Morin to file his motion…" (Amended Order; 03-05-15).
[4] *Id.*
[5] Pursuant to Tex. Civ. Prac. & Rem. Code § 27.004(a), "A hearing on a motion under Section 27.003 must be set not later than the 60th day after the date of service of this motion…"

hearing deadline past this January 30, 2015th deadline[6].

5. On February 17, 2015, the District Court heard LAW OFFICE OF KLEINHANS GRUBER, PLLC's Motion for Continuance and the parties agreed in open court that LAW OFFICE OF KLEINHANS GRUBER, PLLC's presence was not necessary on February 26, 2015 because the case would merely be resent on February 26, 2015 to March 5, 2015.

6. On February 26, 2015, the case was be announced by LEVI MORIN and recessed/reset to March 5, 2015[7].

7. On March 5, 2015, the District Court began and concluded the hearing on LEVI MORIN's TCPA Pleading and LAW OFFICE OF KLEINHANS GRUBER, PLLC's Second Amended Motion to Strike or Deny Morin's Motion to Dismiss and the responses and replies to those motions; the parties objections; the evidence; and counsel's arguments. (Amended Order; 03-05-15).

8. On March 6, 2015, LEVI MORIN filed his Notice of Appeal.

9. On March 23, 2015, LEVI MORIN filed his Motion that is the subject of this Response.

---

[6] "…the Court: 2) Finds Morin did not set the hearing on his motion to dismiss within 60 days after service of the motion, and did not meet any of the exceptions indicating the hearing can be set later than the 60[th] day…" (Amended Order; 03-05-15).
[7] Motion to Strike; 3-4:15-16 and 5:21(a); 02-18-15.

10. On March 25, 2015, the District Court signed the orders rendered on March 5, 2015. *Id.*

11. On March 26, 2015, the District Court signed amended orders as rendered on March 5, 2015. *Id.*

## C. Appellate Deadlines Missed

12. **March 6, 2015 Deadline to File Appellate Motion for Extension has Passed.** As LEVI MORIN admits, TCPA deems a motion denied if the deadline passes without a hearing[8]. As no good cause extension was granted, it is clear that January 30, 2015 was the deadline for the hearing on LEVI MORIN's TCPA Pleading and it is undisputed that no hearing occurred on the TCPA Pleading on or prior to the January 30, 2015 deadline[9] (Amended Order; 03-05-15). Likewise, the motion is denied by operation of law[10] and a Notice of Appeal must be filed within 20 days[11] unless a proper Motion to

[8] "The TCPA deems a motion denied if the deadline passes without a hearing." (Motion 1:2; 03-23-15); Pursuant to Tex. Civ. Prac. & Rem. Code § 27.008(a), "If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

[9] "…the Court: 1) Finds no good cause to extend the deadline for Morin to file his motion to dismiss; 2) Finds Morin did not set the hearing on his motion to dismiss within 60 days after service of the motion, and did not meet any of the exceptions indicating the hearing can be set later than the 60th day…" (Amended Order; 03-05-15).

[10] Tex. Civ. Prac. & Rem. Code § 27.008(a), "If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

[11] Tex. R. App. P. 26.1(b), "…in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed."

Extend time is filed within 15 days after the deadline[12]. The 20th day from January 30, 2015 ran on February 19, 2015, and the additional 15-day deadline to file for an extension ran on March 6, 2015. Therefore, as LEVI MORIN admits that, "if the written order states that there is no good cause for extension, then Morin's right to appeal is lost retroactively." (Motion to Extend 2:3; 03-23-15). The Order clearly states that there was no good cause for extension and therefore, it is abundantly clear that this Court is without jurisdiction to rule on LEVI MORIN's Motion because it is outside the time allowed to file a motion for extension to file for an appeal.

13. **TCPA Pleading was Heard Outside District Court's Jurisdiction, on Day 97.** Although LEVI MORIN provides cites, LEVI MORIN provides no relevant cited support or case law for his interpretation that the District Court retained discretion until the District Court heard the motion, as long as it was heard before Day 90. (Motion to Extend 3:1; 03-23-15). Furthermore, it is clear by counting days, that this case wasn't even heard until day 97, which again, LEVI MORIN admits, is outside of the District Court's jurisdiction. *Id.* As LEVI MORIN continues to miss deadlines and drag this case on, later requesting forgiveness for all the missed deadlines, LAW OFFICE OF

---

[12] Tex. R. App. P. 26.3, "The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party …(b) files in the appellate court a motion complying with Rule 10.5(b)"

KLEINHANS GRUBER, PLLC continues to be more prejudice in pursuing their lawsuit as witnesses and evidence become more stale and LAW OFFICE OF KLEINHANS GRUBER, PLLC continues to accrue more damages by the Yelp posting that remains posted to date. It is extremely unlikely that TCPA would support any interpretation to allow a Defendant to miss deadline after deadline and continue to hold up the lawsuit by filing motions that stay proceedings well after a motion has been denied by law. However, even if this is the proper interpretation, as set out in more detail above, the District Court did not hear this case until Day 97 (had LEVI MORIN's initial TCPA Pleading been timely, which the District Court found they were not) and LEVI MORIN fails to present any argument to support that the District Court could retain discretion or jurisdiction following the 90th day. Therefore, it is clear that the District Court did not have discretion or jurisdiction to rule as no good cause finding was made for an extension and likewise, it is clear that the TCPA Pleading was overruled by operation of law and likewise, LEVI MORIN failed to timely file this Motion for Extension by the deadline of March 6, 2015.

14.    **March 6th is Only Deadline, There is No Deadline Confusion.**    There is no deadline confusion because both of LEVI MORIN's arguments because no good cause was found for the extension of either deadlines and therefore, both arguments result in the same calculation of the deadline to file a motion to extend time to file, because, as set forth herein, there was no finding of good cause for extension of any of the deadlines.

## D. No Good Cause for Extension of Appellate Deadline

15.    **Third Good Cause Extension Being Requested By LEVI MORIN.**

As set forth above, relating to the TCPA Pleading on appeal before this Court, this is the third time that LEVI MORIN is requesting a good cause extension based on the same arguments that were already denied by the District Court[13], and likewise, these arguments for good cause for a third request for extension should be found to be without merit and should be denied.

16.    **No Procedural Forfeiture—Deadlines Need to Be Enforced.**

This is an appeal off of a denial of a Motion to Dismiss. If this appeal is denied, LEVI MORIN still has a right to be heard in a full final jury trial and nothing has been lost.    LEVI MORIN attempts to argue that Texas law disfavors procedural forfeiture but relies on the *Sutherland v. Spencer* case which is about whether a

---

[13] Amended Order; 03-05-15.

default judgement (that would dispose of an entire case)[14]. In the *Sutherland* case, that court found there was no conscious indifference for missing the deadline to answer because Texas prefers adjudication on the merits. *Id.* This case is still pending in District court to be adjudicated on the merits; therefore there is no procedural forfeiture. Furthermore, it is of greater importance, that deadlines such as these, are enforced in order for the rule of law to have any meaning,[15] and therefore, this Court should deny LEVI MORIN's third request for a good cause extension of the time to file an appeal and should dismiss this appeal.

17.   **District Court Already Denied Good Cause for LEVI MORIN's Claim "Effort to Reach Agreement"** In District Court, LEVI MORIN attempted to argue for good cause extensions of the other missed deadlines, by asserting the same argument[16]—that he was trying to reach discovery agreements with LAW OFFICE OF KLEINHANS GRUBER, PLLC. LAW OFFICE OF KLEINHANS GRUBER, PLLC plead, argued and supported by evidence that LEVI MORIN was not making any legitimate attempts and was in fact refusing to respond to LAW OFFICE OF

---

[14] *Sutherland v. Spencer*, 376 S.W.3d 752, 756 (Tex. 2012).

[15] "Our legal system is built around deadlines. Deadlines ensure the orderly process of litigation. If that tool is to have any effect, and the rule of law any meaning, it must be enforced. *Cf. Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 403 (Tex.2009) ("Filing deadlines ... necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. Any less rigid standard would risk encouraging a lax attitude toward filing dates." (quoting *United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985))). *Id.*

[16] Motion to Strike; 3-4:15-16 and 5:21(a); 02-18-15.

KLEINHANS GRUBER, PLLC's emails sent on January 5, 2015 and January 28, 2015, which were inquiring: i) whether he was going to answer discovery served 45 days ago, if not, a hearing would be necessary; ii) a date on which discovery would be provided, if not, hearing availability PRIOR to any setting on the Motion to Dismiss[17]. It is clear that LEVI MORIN was not in pursuit of an "amicable resolution," as he intentionally never responded to either of these emails without any explanation as to why he failed to do so, therefore this argument should be disregarded and no good cause finding should be made.

## E. Conclusion and Prayer

18.     As LEVI MORIN admits, TCPA deems a motion denied if the deadline passes without a hearing and that the deadline to file the notice of appeal was February 19, 2015, making the deadline to file the request for extension, March 6, 2015. As the District Court has found that no good cause extension existed for LEVI MORIN's failure to meet the past two TCPA Pleading deadlines relating to this appeal, this Court should also find no good cause exists for extension of the March 6, 2014 deadline to file a Motion for Extension of Time to Notice Appeal, should deny this Motion for Extension of Time to Notice Appeal and dismiss his Notice of Appeal with costs being allocated to LEVI MORIN.

---

[17] *Id.*

Respectfully submitted,

LAW OFFICE OF KLEINHANS GRUBER, PLLC

By:_____

Kimberly G. Kleinhans
kim@lawofficeofkg.com
State Bar No.   24062755
Keith L. Kleinhans
keith@lawofficeofkg.com
State Bar No. 24065565
12600 Hill Country Blvd, Ste. R-275
Austin, Texas 78738
Telephone: 512.961.8512
Facsimile: 512.623.7320

## CERTIFICATE OF CONFERENCE

I conferred with Leif Olson and he opposes this pleading.

## CERTIFICATE OF SERVICE

I certify that a true copy of this pleading was served on each attorney of record

or party in accordance with the Texas Rules of Appellate Procedure on April 1,

2015.

The Olsen Firm, PLLC
Leif Olsen
4830 Wilson Road, Ste. 300
Humble, Texas 77396
Telephone: 281.849.8382
Facsimile: 281.248.2190
Email: leif@olsonappeals.com
**VIA ESERVICE**

_____
Kimberly G. Kleinhans
Keith L. Kleinhans

**Filed in The District Court
of Travis County, Texas**

No. D-1-GN-14-003874

**MAR 2 6 2015**

At ___*4:30*___ *P*M.

**Velva L. Price, District Clerk**

Law Office of Kleinhans
  Gruber, PLLC

v.

Levi Morin

**201st District Court
Travis County, Texas**

## Amended Order on Motion to Dismiss

The Court has considered Morin's motion to dismiss; Kleinhans Gruber's Second Amended Motion to Strike or Deny Morin's Motion to Dismiss; the responses and replies on those motions; the parties' objections; the evidence; and counsel's argument. Based upon that consideration, the Court:

1. **Finds** no good cause to extend the deadline for Morin to file his motion to dismiss;

2. **Finds** Morin did not set the hearing on his motion to dismiss within 60 days after service of the motion, and did not meet any of the exceptions indicating the hearing can be set later than the 60th day;

3. **Strikes** the exhibits to Morin's motion to dismiss, which were filed after the deadline for Morin to file his motion;

4. **Overrules** Morin's objections to the affidavits of Kimberly Kleinhans, Martin Garza, and Michael Siegler;

5. **Finds** that Kleinhans Gruber established, by clear and specific evidence, a prima facie case for defamation and business disparagement based upon Morin's statement that Kleinhans Gruber "sen[t] hung over 'associates' to court dates [Michael Seigler];"

6. **Finds** that Morin did not establish each element of an affirmative defense by a preponderance of the evidence; and

7. **Denies** Morin's motion to dismiss.

Signed on March 26th, 2015, at Austin, Texas.

Stephen Yelenosky
District Judge

2/18/2015 10:29:29 AM

**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-14-003874**

CAUSE NO. D-1-GN-14-003874

| | | |
|---|---|---|
| LAW OFFICE OF | § | IN THE DISTRICT COURT |
| KLEINHANS GRUBER, PLLC | § | |
| Plaintiff, | § | |
| v. | § | 201st JUDICIAL DISTRICT |
| | § | |
| LEVI MORIN, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## SECOND AMENDED

## PLAINTIFF'S MOTION TO STRIKE OR DENY MORIN'S MOTION TO DISMISS AND

## MOTION FOR NONSUIT OR IN THE ALTERNATIVE MOTION FOR CONTINUANCE AND MOTION TO WITHDRAW NOTICE OF NONSUIT

## AND

## MOTION FOR SANCTIONS

Plaintiff, LAW OFFICE OF KLEINHANS GRUBER, PLLC, asks the court to sign an Order Striking the Setting on LEVI MORIN's Motion to Dismiss, sign an Order of Nonsuit without prejudice, and sign and Order for Sanctions. In the alternative, LAW OFFICE OF KLEINHANS GRUBER, PLLC, asks the court to sign an Order of Continuance and Withdraw of Notice of Nonsuit, as well as an Order for Sanctions.

### A. Introduction

1.  Plaintiff is LAW OFFICE OF KLEINHANS GRUBER, PLLC; Defendant is LEVI MORIN.

2.  LAW OFFICE OF KLEINHANS GRUBER, PLLC sued LEVI MORIN on the following counts: (1) business disparagement, (2) defamation, (3) defamation per se, and for injunctive relief.

### B. Facts:
### Both Deadlines Missed for Filing and Hearing Morin's Motion to Dismiss

3.  On September 24, 2014, LAW OFFICE OF KLEINHANS GRUBER, PLLC filed Plaintiff's Original Petition, Request for Equitable Relief & Request for Disclosure.

4. On September 24, 2014, citation issued.

5. On September 25, 2014, Austin Process, LLC received a copy of Plaintiff's Original Petition, Request for Equitable Relief & Request for Disclosure and citation for service.

6. On September 30, 2014, Nicole M. Hybner of Austin Process, LLC personally served LEVI MORIN at the front door of his residence located at 1901 Onion Creek Parkway #3107, Austin, Texas 78748 at 8:06 a.m. with the Original Petition and Request for Disclosure. See *Exhibit A*, attached hereto and incorporated herein by reference.

7. On October 28, 2014, LAW OFFICE OF KLEINHANS GRUBER, PLLC served counsel for LEVI MORIN with Requests for Admission, Request for Production and First Set of Interrogatories. See *Exhibit B*, attached hereto and incorporated herein by reference.

8. **1st deadline missed by LEVI MORIN**: On November 19, 2014, LEVI MORIN's Response to Request for Disclosure was due. LEVI MORIN failed to respond until February 13, 2015, nearly 3 months later.

9. **2nd deadline missed by LEVI MORIN**: On November 27, 2014, LEVI MORIN's Response to Request for Admissions, Response to Request for Production and Response to First Set of Interrogatories was due. LEVI MORIN failed to respond until February 13, 2015, nearly 3 months later.

10. **3rd deadline missed by LEVI MORIN**: On December 1, 2014, the Monday following the 60th day (November 29, 2014 actually being the 60th day) to file a Motion to Dismiss by LEVI MORIN pursuant to Section 27.003 of the Texas Participation Act (the "Act") ran. In accordance with the Act, LEVI MORIN is limited, *"not later than the 60th day after the date of service of the legal action"* (Date of Service: September 30, 2014).

11. On December 3, 2014, counsel for LEVI MORIN filed LEVI MORIN's Motion to Dismiss with exhibits. Although a Motion to Dismiss was filed 2 days prior, it failed to include any of the Motion to Dismiss exhibits or evidence.

12. On December 22, 2014, LAW OFFICE OF KLEINHANS GRUBER, PLLC filed a Notice of Nonsuit.

13. On December 30, 2014, LAW OFFICE OF KLEINHANS GRUBER, PLLC filed a Notice of Address Change and Notice of Unavailability and on January 28, 2015, LAW OFFICE OF KLEINHANS GRUBER, PLLC filed an Amended Notice of Unavailability which noticed counsel for LEVI MORIN that LAW OFFICE OF KLEINHANS GRUBER, PLLC would be out of the country and unavailable for a setting on February 18, 2015 through February 25, 2015.

14. **4th and 5th deadline missed by LEVI MORIN**: On January 30, 2015, the 60th day ran from the date that LEVI MORIN's Motion to Dismiss would have been timely filed (December 1, 2014). In accordance with Section 27.004 of the Act, *"A hearing on a*

*motion under Section 27.004 must be set not later than the 60th day after the date of service of the motion unless*

*[1] the docket conditions of the court require a later hearing,*

*[2] upon a showing of good cause,*

*[3] or by agreement of the parties*

*... but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003 ... "*

15. As required by Section 27.004, to date, there has been [1] no Travis County docket conditions, [2] no timely finding of good cause by the court prior to running of the 60-day deadline (January 30, 2015) and [3] no agreement by the parties to extend the 60-day deadline to a 90-day deadline. The following email correspondence documents the same:

   a) On January 5, 2015, LAW OFFICE OF KLEINHANS GRUBER, PLLC sent the attached email to counsel for LEVI MORIN requesting the following information, attached hereto an incorporated herein by reference as *Exhibit C*:

      i) whether he was going to answer discovery served 45 days prior, if not, a hearing would be necessary;

      ii) a date on which discovery would be provided, if not, hearing availability PRIOR to any setting on the Motion to Dismiss; and

      iii) a follow-up request for a copy of the bar complaints that LEVI MORIN filed against Kimberly Kleinhans and Michael Siegler (which were automatically dismissed without further review) that counsel for LEVI MORIN had repeated countless times, he was in agreement to provide.

   b) On January 28, 2015, LAW OFFICE OF KLEINHANS GRUBER, PLLC sent the attached email to counsel for LEVI MORIN requesting the same information as requested in the January 5, 2015 email. Both the January 5, 2015 email and the January 28, 2015 email were ignored by counsel for LEVI MORIN, attached hereto an incorporated herein by reference as *Exhibit D.*

   c) On Friday, February 13, 2015, at about 9:00 p.m., counsel for LEVI MORIN unilaterally sent over a self-serving subset of documents never discussed but solely of his choosing that are only beneficial to his case. Likewise, counsel for LEVI MORIN unilaterally decided that the setting for his Motion to Dismiss would be February 26, 2015, and there would be no time for any of LAW OFFICE OF KLEINHANS GRUBER, PLLC's motions that LAW OFFICE OF KLEINHANS GRUBER, PLLC had clearly noticed counsel for LEVI MORIN would be necessary prior to any setting for a Motion to Dismiss, attached hereto an incorporated herein by reference as *Exhibit E.*

d) On February 14, 2015, upon receipt, LAW OFFICE OF KLEINHANS GRUBER, PLLC noticed counsel for LEVI MORIN of LAW OFFICE OF KLEINHANS GRUBER, PLLC's conflict for February 26, 2015 and counsel for LEVI MORIN refused to reschedule to a time and date which would provide proper notice of setting to LAW OFFICE OF KLEINHANS GRUBER, PLLC, attached hereto an incorporated herein by reference as *Exhibit F*.

16. On February 17, 2015, this Court found that an announcement for LEVI MORIN's Motion to Dismiss setting would be made on February 26, 2015, but that the case shall be recessed to March 5, 2015, at which time this Court shall hear the issues surrounding whether there is good cause to extend the time to allow the Motion to Dismiss past the 60-day deadline, whether there is good cause for discovery, et. al.

17. **6th deadline missed by LEVI MORIN**: On February 26, 2015, the 90th day ran from the date that LEVI MORIN's Motion to Dismiss would have been timely filed (December 1, 2014).

18. On March 5, 2015, it has been noticed that LEVI MORIN's Motion to Dismiss is set for hearing on the 97th day following a timely filing of a Motion to Dismiss.

19. Likewise, LAW OFFICE OF KLEINHANS GRUBER, PLLC seeks this Court's relief to hear this Motion and award the requested relief, primarily that LEVI MORIN's Motion to Dismiss be denied and fees or sanctions be awarded to encourage counsel for LEVI MORIN will comply with rules and deadlines in the future.

### C. Motion to Strike or Deny Morin's Motion to Dismiss

20. **4 Missed Statutory Deadlines**: This Court should strike LEVI MORIN's Motion to Dismiss setting as not being timely as counsel for LEVI MORIN has not missed just one, but four critical deadlines as follows:

a. file and serve the Motion to Dismiss in accordance with the Texas Participation Act (the "Act") as the deadline was December 1, 2014 and it wasn't filed or served with exhibits on LAW OFFICE OF KLEINHANS GRUBER, PLLC until December 3, 2014.

b. set a hearing in accordance with the Act as the 60-day deadline was January 30, 2015.

c. request a good cause extension PRIOR to the expiration of the January 30, 2015 60-day deadline.

d. set a hearing in accordance with the Act, with a timely finding of good cause within the 90-day deadline of February 26, 2015, as the Motion to Dismiss setting is not set until March 5, 2015 (97 days after the filing of the Motion to Dismiss).

21. **No Good Cause For Extension of Deadlines**: Additionally or in the alternative, LEVI MORIN cannot show good cause for an extension of the January 30, 2015 60-day deadline. In fact, counsel for LEVI MORIN has acted in complete contradiction to the way one should act for good cause finding to be granted for the following reasons:

a. Counsel for LEVI MORIN has intentionally held up the litigation process by making oral reassurances that he will provide documents and/or information and/or dates that he has failed to provide as discussed. Please refer to January 5, 2015 and January 28, 2015 emails which followed up phone conversation (referenced in fact section above) which are attached as *Exhibit D* in which LAW OFFICE OF KLEINHANS GRUBER, PLLC requests time and time again whether LEVI MORIN is going to agree to respond to the discovery and if so, a date in which it will be provided. Counsel for LEVI MORIN refused to respond to these 2 requests until well after the January 30, 2015 60-day deadline, at which time he unilaterally sent over a self-serving subset of documents, never discussed, but solely of his choosing that are only beneficial to his case. Specifically, counsel for LEVI MORIN's February 13, 2015 email with this self-serving discovery, clearly shows his intent was to delay proceedings to prohibit LAW OFFICE OF KLEINHANS GRUBER, PLLC from their right to request this Court to allow discovery, *"That [February 26, 2015 setting] will leave you with no time for discovery even if the judge thinks you deserve it."* Also attached as *Exhibit D*.

b. Likewise, as counsel for LEVI MORIN has failed to comply with not one, but four strict statutory deadlines set forth in the Act, this Court should not reward LEVI MORIN for bad behavior of carelessly disregarding ALL deadlines by allowing an extension that can only be granted with good cause.

c. **Disregard of Local Rules**: Furthermore, Counsel for LEVI MORIN's disregard of the rule of law isn't limited to disregard of statutory deadlines, he continues to disregard local rules as well. Counsel for LEVI MORIN disregarded local rules requiring counsel for LEVI MORIN to confer about settings and unilaterally initially set this Motion to Dismiss for hearing on February 26, 2015, which required the court to hear an emergency Motion to Strike/Motion for Continuance due to counsel for LEVI MORIN's lack of due diligence in setting this Motion within the last 4 months, by the deadline, at a time that LAW OFFICE OF KLEINHANS GRUBER, PLLC can have adequate time to hire counsel and/or prepare a defense for a dispositive setting that could potentially dismiss their claims against LEVI MORIN and expose them to attorney fees.

d. **2 Missed Discovery Deadlines**: Furthermore, Counsel for LEVI MORIN's disregard of the rule of law isn't limited to disregard of statutory deadlines and local rules but to disregard of the Texas Rules of Civil Procedure concerning discovery. LEVI MORIN failed to respond by November 19, 2014 to the Request for Disclosure included with the Original Petition. Additionally, LEVI MORIN failed to respond by November 27, 2014 to the Request for Production, Request

for Admission and First Set of Interrogatories served on October 28, 2014. Counsel for LEVI MORIN improperly argues that his Motion to Dismiss places a hold on discovery, however, this is misplaced as his Motion to Dismiss and exhibits weren't filed until December 3, 2014, days following the discovery deadlines.

22.     Pursuant to Texas Participation Act Section 27.003, *"in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003."* The hearing on this matter is on the 93rd day, therefore, even with a finding of good cause, this hearing is after the 90th day, which is clearly in violation of statutory law, requiring that the setting be stricken. The "recess" that occurred on February 26, 2015 was merely procedural in an attempt to circumvent the black letter of the law that clearly states a hearing can't be after the 90th day. All case law on the issues only allows a decision to be made within 30 days of a hearing that was at least started within the 90th day. The fact that this hearing wasn't even started on the 90-day deadline of February 26, 2015, distinguishes this case from the case law, again, requiring the court to strike this Motion to Dismiss because a hearing had not began within the 90-day period.

23.     For these reasons stated above, this Court should strike LEVI MORIN's Motion to Dismiss setting from the docket.

## D. Motion for Nonsuit

24.     On December 22, 2014, LAW OFFICE OF KLEINHANS GRUBER, PLLC filed a Notice of Nonsuit that in accordance with Texas Law, should immediately nonsuit this case as there were no prior counterclaims on file as of December 22, 2014, that would otherwise prevent this case from being nonsuited without prejudice.

25.     The Texas Participation Act (the "Act") motion to dismiss is predicated on a review of the merits of the lawsuit. All other claims that are predicated on a review of the merits of the lawsuit, absent a clear counterclaim, can be nonsuited in full by the Plaintiff. Therefore, a nonsuit renders the merits of the case moot. *UTMB v. Estate of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006). The nonsuit is effective as soon as the plaintiff files a motion for nonsuit. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011).

26.     The only relevant case to the contrary was decided following the date that this case was filed and therefore doesn't apply. *Rauhauser v. McGibney*, No. 02-14-00215-CV, 2014 WL 6996819 (Tex. App.—Fort Worth Dec. 11, 2014, nph) (TCPA motion survives nonsuit). This case was filed on September 24, 2014 and the *Rauhauser* case was decided on December 11, 2014. Had LAW OFFICE OF KLEINHANS GRUBER, PLLC known at the time of filing that this case couldn't be nonsuited if their caseload and personal circumstances prevented them from prosecuted this case, LAW OFFICE OF KLEINHANS GRUBER, PLLC would not have filed this case at the time.

27.     Likewise, this Court should sign an Order of Nonsuit, finding that the nonsuit date of this case was the date of Notice of Nonsuit of December 22, 2104, and strike the February 26, 2015 setting from the docket.

## E. In The Alternative to Paragraph D,
## Motion for Continuance and Motion to Strike Notice of Nonsuit

28. LEVI MORIN's intentional delay has cost him to miss to deadlines imposed by the Act, and likewise, LAW OFFICE OF KLEINHANS GRUBER, PLLC is only requesting a continuance/resetting and discovery and striking of the Notice of Nonsuit in the event that this Court finds that LEVI MORIN's Motion to Dismiss should *not* be stricken or dismissed based on missing said deadlines or based on the court's own discretion.

29. This continuance should be granted because LAW OFFICE OF KLEINHANS GRUBER, PLLC is entitled to discovery pursuant to The Texas Participation Act Section 27.006(b), "on a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion."

30. LAW OFFICE OF KLEINHANS GRUBER, PLLC has good cause for discovery prior to the Motion to Dismiss setting so that LAW OFFICE OF KLEINHANS GRUBER, PLLC has evidence that is only in LEVI MORIN's possession to defend the Motion to Dismiss. Such relevant discovery is of any evidence supporting that LEVI MORIN's statements posted on Yelp about LAW OFFICE OF KLEINHANS GRUBER, PLLC are false. LAW OFFICE OF KLEINHANS GRUBER, PLLC is entitled to discovery of any evidence supporting that LEVI MORIN knew they were false (for example, LAW OFFICE OF KLEINHANS GRUBER, PLLC needs discovery of the billing statements in LEVI MORIN's possession that show all the work performed on his case and which document the hourly rate billed was not $400 an hour as he held it out to be, but rather $350 an hour).

31. October 28, 2014, well before LEVI MORIN filed his Motion to Dismiss, LAW OFFICE OF KLEINHANS GRUBER, PLLC LEVI MORIN has been in possession of discovery for over 4 months. LEVI MORIN failed to respond by November 19, 2014 to the Request for Disclosure included with the Original Petition. Additionally, LEVI MORIN failed to respond by November 27, 2014 to the Request for Production, Request for Admission and First Set of Interrogatories served on October 28, 2014. On February 13, 2015, LEVI MORIN provided extremely limited and self-serving responses and production. In fact, for all discovery requested which is "discovery relevant to the motion" (as set forth in the Act as being the type of discovery allowable), is followed by a response from LEVI MORIN that, "The Act doesn't entitle the firm to this information yet." One such example is Request for Production No. 1, "Each and every written Statement or Document in your possession concerning the Incident that you allege supports your allegations that your Yelp review was true or substantially true." LEVI MORIN responds, "The Act doesn't entitle the firm to this information yet." However, for each response, LEVI MORIN fails to reference any section of the Act that supports such response.

32. Furthermore, in open court on February 17, 2015, when questioned by the judge, counsel for LEVI MORIN admitted there was discovery in his possession not yet provided that would be beneficial if not necessary for LAW OFFICE OF KLEINHANS GRUBER, PLLC's response to his Motion to Dismiss.

33. Therefore, only under this limited situation set forth in the paragraphs above, does LAW OFFICE OF KLEINHANS GRUBER, PLLC motion for discovery to be able to prepare a defense for LEVI MORIN's dispositive Motion to Dismiss and for Fees requesting that this Court order LEVI MORIN to remove objection and respond to Requests for Production Nos.: 2-4, 6-7, 12, 14, 17-28, and Response to First Set of Interrogatories Nos. 1, 3-8, and 11-13.

34. Likewise, this Court should grant a continuance to a time that LAW OFFICE OF KLEINHANS GRUBER, PLLC is available for a setting and should allow discovery as properly served on counsel for LEVI MORIN on October 28, 2014.[1]

## F. Motion for Sanctions/Fees

35. It may be necessary for LAW OFFICE OF KLEINHANS GRUBER, PLLC to secure the services of counsel, licensed attorneys, to prepare and litigate this suit in connection with this Motion.

36. Additionally, LAW OFFICE OF KLEINHANS GRUBER, PLLC files this Motion for Sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure, and respectfully shows the court that on December 3, 2014, counsel for LEVI MORIN served a Motion to Dismiss that certified in the certificate of service was served on LAW OFFICE OF KLEINHANS GRUBER, PLLC on December 1, 2014, but which according to records in LAW OFFICE OF KLEINHANS GRUBER, PLLC's system[2], it wasn't served on LAW OFFICE OF KLEINHANS GRUBER, PLLC until December 3, 2014.

37. Furthermore, the purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. If the party against whom sanctions are being sought cannot show due diligence, a court may award to a prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation. Tex. Civ. Prac. & Rem. Code §10.002(c). The Court should grant this motion because counsel for LEVI MORIN has intentionally delayed these proceedings with the intent to prohibit LAW OFFICE OF KLEINHANS GRUBER, PLLC from their right to request this Court to allow discovery as set forth in paragraph E above.

38. The Court should grant this Motion for Sanctions under its inherent power to sanction pursuant to Texas Rules of Civil Procedure 15 because LEVI MORIN has used his access and control of documents to produce only a self-serving subset of responsive documents, while withholding virtually everything else that could be damaging to is unfounded claims set forth in his Motion to Dismiss.

---

[1] To be clear, LAW OFFICE OF KLEINHANS GRUBER, PLLC is only requesting discovery in the event this Court finds a) good cause exists for an extension of both 60-day periods and b) a good cause extension can be granted following the expiration of both the 60-day periods.

39. The Court should award attorney fees and expenses for preparing this motion, in addition, the court should impose the following sanctions: monetary sanctions, striking the pleadings, striking LEVI MORIN's Motion to Dismiss setting, award of attorney fees for LAW OFFICE OF KLEINHANS GRUBER, PLLC to hire counsel to defend against the Motion to Dismiss claims, limit testimony about the document or the issue, and/or any other sanction that the court deems to be in the interest of justice.

### G. Conclusion

40. Likewise, this Court should strike LEVI MORIN's Motion to Dismiss setting and order nonsuit of this case effective December 22, 2014 and order fees/sanctions for all the pleadings and increase of cost of litigation caused by LEVI MORIN in the interim.

41. Alternatively, if this Court finds that LEVI MORIN did not miss 1 or both of the 60-day deadlines imposed by the Act, that this Court allow continuance, discovery, striking of the notice of nonsuit and order fees/sanctions for counsel LEVI MORIN's lack of due diligence in dealing with discovery matters.

### E. Prayer

42. For these reasons. LAW OFFICE OF KLEINHANS GRUBER, PLLC asks for this Court's relief.

Respectfully submitted,

LAW OFFICE OF KLEINHANS GRUBER, PLLC

By:_____

Kimberly G. Kleinhans
kim@lawofficeofkg.com
State Bar No. 24062755
Keith L. Kleinhans
keith@lawofficeofkg.com
State Bar No. 24065565
12600 Hill Country Blvd, Ste. R-275
Austin, Texas 78738
Telephone: 512.961.8512
Facsimile: 512.623.7320

## VERIFICATION OF MOTION FOR CONTINUANCE

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

ON THIS DAY personally appeared Kimberly G. Kleinhans, who, after being placed under oath, stated the following:

"I have read the above Motion for Continuance and every statement is within my personal knowledge and is true and correct."

_____
Kimberly G. Kleinhans

_____
Notary Public

LISE HOREFF GRILLO
Notary Public, State of Texas
My Commission Expires
January 16, 2018

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 18, 2015.

The Olsen Firm, PLLC
Leif Olsen
4830 Wilson Road, Ste. 300
Humble, Texas 77396
Telephone: 281.849.8382
Facsimile: 281.248.2190
Email: leif@olsonappeals.com
**VIA ESERVICE AND FACSIMILE**

_____
Kimberly G. Kleinhans
Keith L. Kleinhans

# AFFIDAVIT OF SERVICE

State of Texas            County of Travis            201st Judicial District Court

Case Number:

Plaintiff:
Law Offices of ...

vs.

Defendant:
Levi Morin

For:
Law Offices of KG, ...
700 Lavaca Street
Suite 1400
Austin, TX ...

Received by Austin Process, LLC on the 25th day of September, 2014 at 4:10 pm to be served on Levi Morin, 1901 Onion Creek Parkway #3107, Austin, TX 78748.

I, Nicole M. Hybner, ... depose and say that on the 30th day of September, 2014 at 8:06 am, I:

INDIVIDUALLY served ... delivered a true and correct copy of the Citation, Plaintiff's Original Petition, Request for Equitable Relief & Request for Disclosure with Civil Case Information Sheet with the date of service ... Levi Morin at the address of: 1901 Onion Creek Parkway #3107, Austin, TX 78748, ... Austin Process, LLC, and informed said person of the contents therein, in compliance with ...

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server ... judicial circuit in which the process was delivered. The facts stated in this affidavit ... and are true and correct.



Nicole M. Hybner
SCH-9631, Exp. 4/30/15

Austin Process LLC
809 Nueces
Austin, TX 78701
(512) 480-8071

Our Job Serial Number: MST-2014003433
Ref: KG v. Morin

Subscribed and sworn to before me on the 30th day of September, 2014 ... personally known to me

NOTARY PUBLIC



PLAINTIFF'S
EXHIBIT
A

Exhibit B - Page 013



CERTIFIED MAIL

7013 2250 0001 3659 4138

+$.92

Law Office of KG, PLLC
700 Lavaca St., Ste. 1400
Austin, Texas 78701

Leif Olsen
4830 Wilson Road, Suite 300
Humble, Texas 77396

PLAINTIFF'S EXHIBIT

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leif Olsen
4830 Wilson Rd.
Ste 300
Humble, TX 77396

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express™
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from s   7013 2250 0001 3659 4138   —Morin

# LAW OFFICES OF KLEINHANS GRUBER, PLLC

**Keith L. Kleinhans**
keith@lawofficeofkg.com



**Kimberly G. Kleinhans**
kim@lawofficeofkg.com

### LAW OFFICES OF KG, PLLC

Bee Cave's Address:
12600 Hill Country Blvd., Suite R-275
Austin, Texas 78738

Mailing Address:
700 Lavaca St., Ste. 1400
Austin, Texas 78701

Tel: 512.961.8512 - Fax: 512.623.7320 - www.lawofficeofkg.com

October 28, 2014

Leif Olsen
4830 Wilson Road, Suite 300
Humble, Texas 77396
Telephone Number: 281.849.8382
Facsimile: No Fax Number Exists
Email: leif@olsonappeals.com
**VIA CMRRR# 7013 2250 0001 3659 4138**
**AND EMAIL**

RE:  CAUSE NO. D-1-GN-14-003874; LAW OFFICE OF KLEINHANS GRUBER, PLLC V. LEVI MORIN; IN THE 201ST JUDICIAL DISTRICT COURT, TRAVIS COUNTY, TEXAS

Dear Mr. Olsen:

Enclosed, please find the following documents:

- Law Office of Kleinhans Gruber, PLLC's First Requests for Admission to Levi Morin;
- Law Office of Kleinhans Gruber, PLLC's First Set of Interrogatories to Levi Morin;
- Law Office of Kleinhans Gruber, PLLC's First Requests for Production to Levi Morin.

Should you have any trouble receiving these documents, please do not hesitate to contact me directly.

Best regards,

Jean Viera
Paralegal to Kimberly G. Kleinhans

## CAUSE NO. D-1-GN-14-003874

| | | |
|---|---|---|
| LAW OFFICE OF | § | IN THE DISTRICT COURT |
| KLEINHANS GRUBER, PLLC, | § | |
| Plaintiff, | § | |
| v. | § | '201st JUDICIAL DISTRICT |
| | § | |
| LEVI MORIN, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

### FIRST REQUEST FOR ADMISSION TO LEVI MORIN

To:     LEVI MORIN, by and through their attorney of record, Leif Olsen, 4830 Wilson Road, Suite 300, Humble, Texas 77396.

COMES NOW, LAW OFFICE OF KLEINHANS GRUBER, PLLC, Plaintiff, and makes the attached request for admission and serves them on LEVI MORIN, Defendant, pursuant to Tex. R. Civ. P. 198, and respectfully requests that you admit the truth of each of the matters set forth hereinbelow. Your response to these requests must either specifically and separately admit or deny each of the matters set out below or explain in detail the reasons why you cannot truthfully admit or deny such matter. Each of the matters set forth below will be admitted by you unless, within thirty (30) days after service of this request, you make and serve on Plaintiff's counsel a written response to these matters as required by Tex. R. Civ. P. 198.

Respectfully submitted,

LAW OFFICE OF KG, PLLC
ATTORNEYS FOR PLAINTIFF

By: _____
Kimberly G. Kleinhans
Texas Bar No. 24062755
kim@lawofficeofkg.com
Keith L. Kleinhans
Texas Bar No. 24065565
keith@lawofficeofkg.com
700 Lavaca, Ste. 1400
Austin, TX 78701
Telephone: 512.961.8512
Facsimile: 512.623.7320

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 28th day of October, 2014.

Leif Olsen
4830 Wilson Road, Suite 300
Humble, Texas 77396
Telephone Number: 281.849.8382
Facsimile: No Fax Number Exists
Email: leif@olsonappeals.com
**VIA CMRRR# 7013 2250 0001 3659 4138**
**AND EMAIL**

_____
Kimberly G. Kleinhans
Keith L. Kleinhans

## DEFINITIONS

As used herein, the following terms are defined as follows:

a. "Plaintiff" means LAW OFFICE OF KLEINHANS GRUBER, PLLC and all other natural persons or business or legal entities acting or purporting to act for or on her behalf.

b. "Defendant" means LEVI MORIN, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant.

c. "Incident" or "Yelp review" as that word is used herein refers to the June, 24, 2014 posting by LEVI MORIN on an internet website called Yelp.

d. "Person" means any natural person, any business, a legal or governmental entity, or an association.

e. "Occupation" means a full, accurate and complete description of the nature, type, title and employment carried on by the person inquired about; the name and address of their employer; and, the date(s) such occupation began and terminated.

f. "Document" means anything which may be considered to be a document or tangible thing within the meaning of TEX. R. CIV. P. 193 and means the original, or any copy if the original is not available, of writings and tangible things of every kind and description, and includes, but is not limited to, any drawing, graph, photograph, film, video, phone record, report, minutes, transcript, memorandum, notes, jottings, paper, letter, correspondence, communication, invoice, contract, check, check stub, accounting ledger, chart, map, plat, tape, disk, card, wire and any other electronic, magnetic or mechanical recording or transcript of any other instrument or device which contains any information or from which any information can be derived or retrieved. The term "document" also includes copies containing any information in addition to or in any way different from that contained in or on the original, and all attachments, enclosures or documents affixed or referred to in any documents to be described pursuant to these requests.

g. "Relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

h. "Statement" means any written or graphic statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical or other recording or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

i. "And" and "or" should be construed as both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all response that might otherwise be construed to be outside of its scope.

j. "You," "your" and "yourself" refer to LEVI MORIN.

k. "Communication" means the transmission or exchange of information between two or more persons, orally or in writing, through any document, as defined above, and includes, without limitation, any conversation or discussions, whether face-to-face, via telephone lines or data lines.

## REQUEST FOR ADMISSION

**ADMISSION NO. 1.** On or around June 24, 2014 through August 20, 2014, LEVI MORIN's Yelp review was posted online containing a statement that LEVI MORIN was billed at $400.00 an hour.

**ADMIT/DENY NO. 1.**

**ADMISSION NO. 2.** LAW OFFICE OF KLEINHANS GRUBER, PLLC did not bill LEVI MORIN at $400.00 an hour.

**RESPONSE NO. 2.**

**ADMISSION NO. 3.** LEVI MORIN is in possession of the contract with LAW OFFICE OF KLEINHANS GRUBER, PLLC.

**RESPONSE NO. 3.**

**ADMISSION NO. 4.** On or around June 24, 2014 through August 20, 2014, LEVI MORIN's Yelp review contained false statements about LAW OFFICE OF KLEINHANS GRUBER, PLLC.

**RESPONSE NO. 4.**

**ADMISSION NO. 5.** LEVI MORIN's Yelp review contains false statements about LAW OFFICE OF KLEINHANS GRUBER, PLLC.

**RESPONSE NO. 5.**

**ADMISSION NO. 6.** LEVI MORIN knew that the Yelp review contained false statements about LAW OFFICE OF KLEINHANS GRUBER, PLLC.

**RESPONSE NO. 6.**

**ADMISSION NO. 7.** LEVI MORIN posted the Yelp review with intent to cause financial harm to LAW OFFICE OF KLEINHANS GRUBER, PLLC.

RESPONSE NO. 7.

**ADMISSION NO. 8.** LEVI MORIN posted the Yelp review with intent to cause reputational harm to LAW OFFICE OF KLEINHANS GRUBER, PLLC.

RESPONSE NO. 8.

## CAUSE NO. D-1-GN-14-003874

| | | |
|---|---|---|
| LAW OFFICE OF | § | IN THE DISTRICT COURT |
| KLEINHANS GRUBER, PLLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 201st JUDICIAL DISTRICT |
| | § | |
| LEVI MORIN, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

### FIRST SET OF INTERROGATORIES TO LEVI MORIN

To: LEVI MORIN, by and through their attorney of record, Leif Olsen, 4830 Wilson Road, Suite 300, Humbie, Texas 77396.

COMES NOW, LAW OFFICE OF KLEINHANS GRUBER, PLLC, Plaintiff, and serves LEVI MORIN, Defendant with this First Set of Interrogatories pursuant to TEX. R. CIV. P. 197. Interrogatories are to be answered by you separately and fully in writing under oath. Your answers to the interrogatories are to be preceded by the particular Interrogatory to which the answer pertains. The interrogatory answers are to be signed under oath and verified by the person making them. You are to serve your answers and objections, if any, upon LAW OFFICE OF KLEINHANS GRUBER, PLLC within thirty (30) days after you receive these discovery requests at the office of LAW OFFICE OF KLEINHANS GRUBER, PLLC's counsel, whose address is set forth below.

You are advised that it is not a ground for objection that an Interrogatory involves an opinion or contention that relates to fact or application of law to fact. Tex. R. Civ. P. 197. You are further advised that an evasive or incomplete answer is to be treated as a failure to answer or respond. You are expected to supplement your answers and responses in accordance with TEX. R. CIV. P. 193. If you fail to answer these interrogatories as set forth above, and in accordance with TEX. R. CIV. P. 197, LAW OFFICE OF KLEINHANS GRUBER, PLLC may move for

sanctions against you pursuant to TEX. R. CIV. P. 215.

Respectfully submitted,

LAW OFFICE OF KG, PLLC
ATTORNEYS FOR PLAINTIFF

By: _____
Kimberly G. Kleinhans
Texas Bar No. 24062755
kim@lawofficeofkg.com
Keith L. Kleinhans
Texas Bar No. 24065565
keith@lawofficeofkg.com
700 Lavaca, Ste. 1400
Austin, TX 78701
Telephone: 512.961.8512
Facsimile: 512.623.7320

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 28th day of October, 2014.

Leif Olsen
4830 Wilson Road, Suite 300
Humble, Texas 77396
Telephone Number: 281.849.8382
Facsimile: No Fax Number Exists
Email: leif@olsenappeals.com
**VIA CMRRR# 7013 2250 0001 3659 4138
AND EMAIL**

_____
Kimberly G. Kleinhans
Keith L. Kleinhans

## DEFINITIONS

As used herein, the following terms are defined as follows:

a. "Plaintiff" means LAW OFFICE OF KLEINHANS GRUBER, PLLC and all other natural persons or business or legal entities acting or purporting to act for or on her behalf. .

b. "Defendant" means LEVI MORIN, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant.

c. "Incident" or "Yelp review" as that word is used herein refers to the June 24, 2014 posting by LEVI MORIN on an internet website called Yelp.

d. "Person" means any natural person, any business, a legal or governmental entity, or an association.

e. "Occupation" means a full, accurate and complete description of the nature, type, title and employment carried on by the person inquired about; the name and address of their employer; and, the date(s) such occupation began and terminated.

f. "Document" means anything which may be considered to be a document or tangible thing within the meaning of TEX. R. CIV. P. 193 and means the original, or any copy if the original is not available, of writings and tangible things of every kind and description, and includes, but is not limited to, any drawing, graph, photograph, film, video, phone record, report, minutes, transcript, memorandum, notes, jottings, paper, letter, correspondence, communication, invoice, contract, check, check stub, accounting ledger, chart, map, plat, tape, disk, card, wire and any other electronic, magnetic or mechanical recording or transcript of any other instrument or device which contains any information or from which any information can be derived or retrieved. The term "document" also includes copies containing any information in addition to or in any way different from that contained in or on the original, and all attachments, enclosures or documents affixed or referred to in any documents to be described pursuant to these requests.

g. "Relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

h. "Statement" means any written or graphic statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical or other recording or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

i. "And" and "or" should be construed as both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all response that might otherwise be construed to be outside of its scope.

j. "You," "your" and "yourself" refers to LEVI MORIN.

k. "Communication" means the transmission or exchange of information between two or more persons, orally or in writing, through any document, as defined above, and includes, without limitation, any conversation or discussions, whether face-to-face, via telephone lines or data lines.

l. "Describe" means a detailed statement of all things relating to or affecting the particular subject to be described including, but not limited to, times, dates and places and the names and complete mailing addresses of any persons involved. With reference to documents, communications, and agreements, the term "describe" also includes a detailed statement of the substance of the facts and opinions made reference to or stated in each document, communication or agreement.

m. "Identify" To a person means to state their age, full name, residential address and phone number, business address and phone number, occupation and employer.

    a.    To a public or private corporation, partnership, association, agency or other entity means to state its name, address, state of incorporation, if applicable, and major purpose or business activity.

    b.    To a statement means to identify the person(s) who made it, took it, recorded it, or received it; the date and location of where it was made; how it was recorded or transcribed and what machines or instruments were used to record or transcribe it, if any; the name(s) and address(es) of any person(s) who was present during the making thereof, or who has personal knowledge that it was made and of its content(s); and, the name(s) and address(es) of any person(s) who presently has possession or last known possession, custody or control thereof;

    c.    To a document means to identify its date, state its general contents, including, if applicable, where, when and how it was made, the name(s) and address(es) of the person(s) who made it, received it, and who has possession or last known possession, custody or control of such document, provided, however, that answers to interrogatories requesting identifications or descriptions of certain communications or documents may be satisfied by attaching a true and correct copy of any written documents, as described herein, containing the requested information; and

    d.    To any other tangible thing means to give a detailed description thereof, including, if applicable, where, when and how it was made, the name(s) and address(es) of the person(s) who made it, and identify who presently has possession or last known possession, custody and control of such thing.\

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** State whether or not You have:

    A.   Made a due and diligent search of all related documents, books, reports, memos, photos and writings within your possession or under your control, in order to obtain information with respect to this action. If not, please explain why not.

    B.   Made a due and diligent inquiry of your employees, friends, relatives and those persons available to assist you in order to obtain information with respect to this action. If not, please explain why not.

    **RESPONSE:**

**INTERROGATORY NO. 2.**

State your full name, date of birth, address and occupation; also state the name, address, occupation and relationship to the parties of each individual who assisted the answering of these interrogatories.

    **RESPONSE:**

**INTERROGATORY NO. 3.**

Please list all social networking websites, blogs, forums, or chat rooms, including but not limited to Facebook, MySpace, Twitter, Friendster, Orkut, Hi5, MeetUp.com, Google +, or LinkedIn, in which you have ever posted created or currently maintain a profile or user information, including, but not limited to, those that contained or contains text messages, instant messages, updates, wall posts, emails, comments, links, status messages or other information related to the claims or defenses made the basis of this lawsuit.

    **RESPONSE:**

**INTERROGATORY NO. 4.**

Your answer denies the allegations contained in Plaintiff's Original Petition. Are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, or item of evidence that, either directly or indirectly, supports your denial or otherwise contradicts the allegations of the Plaintiff? If your answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

    A.  A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

B. The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

C. The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

D. If the subject information is documentary, will you please, without a motion to produce, attach a copy to your answers to these interrogatories.

RESPONSE:

**INTERROGATORY NO. 5.** For each affirmative defense that you are asserting, please identify the defense and specifically set forth all of the facts and evidence that you intend to use to support such defense; also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support the defense, and all persons who have knowledge of facts supporting the defense. Those persons should be identified by name, occupation, address, title, relation to the parties herein and a description of the information that they are to present.

RESPONSE:

**INTERROGATORY NO. 6.** With respect to all of the documents that You have in Your possession or under Your control that are relevant to the Incident that forms the basis of this lawsuit, please identify those documents that are likely to contain the following information: documents from May 1, 2012 to the present that contain information that You allege support that the statements that made up the June 24, 2014 Yelp review of Law Office of Kleinhans Gruber, PLLC were true, including but not limited to, the documents that support Your responses to Interrogatory No. 7 below for each and every subpart:

A. Please indicate the types or categories of the documents (i.e. Invoices, Memos, Reports, Contracts, Emails, Letters, etc.) involved, and the approximate number of each type.

B. Please indicate the location of the documents and the type of storage that contains them (i.e. Legal or Letter Size File Drawers, Lateral Drawers, Boxes, etc.). Also, please indicate the number of storage units that contain the documents.

C. Please identify those portions of the requested documents that are computerized, or kept in any other digital, optical or electronic format and indicate whether the original entries were scanned, typed by hand, or entered by way of voice recognition software.

D. Set forth the names, addresses and relationships to the parties of all persons from whom written statements concerning the subject incident [or accident] have been taken; indicate the date that each statement was taken and the person who now possesses it.

RESPONSE:

**INTERROGATORY NO. 7.** In the June 24, 2014 statements contained in your Yelp review of Law Office of Kleinhans Gruber, PLLC, you make the following allegations;

A. In regards to the allegation, "You will be doing the majority of the work," state what work you allege you performed on the family law case during your representation by Law Office of Kleinhans Gruber, PLLC, and the dates you preformed the "work."

B. In regards to the allegation, "her legal counsel consists of her arguing with you," state the dates and format (email, letter, etc.) and content of the correspondence of any instance in which You allege LAW OFFICE OF KLEINHANS GRUBER, PLLC was arguing with You.

C. In regards to the allegation, "her legal counsel consist of ...sending hung over associates to court dates," state all dates, information and facts that you used to form your allegation that i). Michael Siegler was hung over and ii) that Kimberly Kleinhans was aware that Michael Siegler was hung over, as you allege.

D. In regards to the allegation, "As well as doing almost nothing for me in the way of leading me through an overly complex legal system and helping me understand what's going on within it," state the date and content of each instance You requested an explanation from LAW OFFICE OF KLEINHANS GRUBER, PLLC concerning the legal system, the process of your family law case, or any question whatsoever about Your family law case and state the content of the request for explanation or question and how you conclude it was not answered by LAW OFFICE OF KLEINHANS GRUBER, PLLC.

E. In regards to the allegation, "...she does not even know the basics of the laws she claims to specialize in," state the date and format (email, letter, etc.) and substance of any correspondence that You allege Kimberly Kleinhans held out that she specialized in family law or any other area of law.

F. In regards to the allegation, "She told me to call the police and that they would make my ex give me my son for our court appointed time," state the date and format (email, letter, etc.) and substance of any correspondence that Kimberly Kleinhans made said statement.

G. In regards to the allegation that Kimberly Kleinhans gave, "shitty legal advice," state the date and format (email, letter, etc.) and substance of any correspondence that Kimberly Kleinhans gave such advice.

H. In regards to the allegation that LAW OFFICE OF KLEINHANS GRUBER, PLLC has failed to, "set your case up for success later," state all dates, information and facts that you used to form your allegation.

**RESPONSE:**

**INTERROGATORY NO. 8.**       To the extent that you have not already done so, state in detail, your version and description of the events which are the subject of the Original Petition; include all of your personal observations. Please provide all relevant times, dates, names and locations.

**RESPONSE:**

**INTERROGATORY NO. 9.**    Identify all discoverable, consulting experts, that is, consulting experts whose work has been reviewed by the testifying expert. *See* Tex. R. Civ. P. 192.3(e). For each expert named, provide the following information:

    a.     The expert's name, address, and telephone number.

    b.     The expert's current résumé and bibliography.

    c.     The facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired.

    d.     The mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them.

    e.     Any bias of the expert.

    f.     Identify all documents and tangible things, including reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for the expert, so the documents or tangible things may properly be sought by a request for production.

**RESPONSE:**

**INTERROGATORY NO. 10.**       Do you contend that there was any failure on the part of the LAW OFFICE OF KLEINHANS GRUBER, PLLC to mitigate their damages? If your answer is anything other than an unqualified "No," please set forth the following information specifically and in detail:

    A. The precise manner in which the LAW OFFICE OF KLEINHANS GRUBER, PLLC failed to mitigate their damages.

    B. Set forth each specific action that the LAW OFFICE OF KLEINHANS GRUBER, PLLC should have taken to mitigate or their damages:

RESPONSE:

**INTERROGATORY NO. 11.** Pursuant to Rule 192.3(b) of the Texas Rules of Civil Procedure *(excepting those matters exempt from disclosure by privilege, as to which this question does not apply)*, request is made that you describe and indicate the nature of any existing document or tangible item which may constitute or contain matters relevant to the subject matter of this action, further indicating the custodian and location if the items are not within your possession, custody or control.

RESPONSE:

**INTERROGATORY NO. 12.** You contend that Your Yelp review of LAW OFFICE OF KLEINHANS GRUBER, PLLC contained statements of truth, substantial truth and/or opinion, for each statement contained in the Yelp review, list under the category you allege the statement falls into:

A. Truth.

B. Substantial truth.

C. Opinion.

RESPONSE:

**INTERROGATORY NO. 13.** If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. See Tex. R. Evid. 404(a)(1)(B), 609(a).

RESPONSE:

**INTERROGATORY NO. 14.** For each document produced in response to First Request for Production to LEVI MORIN, identify which responsive Request for Production number(s) the document is being produced pursuant to.

RESPONSE:

## VERIFICATION

STATE OF TEXAS    §
                  §
COUNTY OF _____ §

The undersigned, _____, after being duly sworn, states: that she is above the age of 18 years and is competent in all respects to make this affidavit; that he has carefully reviewed the attached answers to "FIRST SET OF INTERROGATORIES TO LEVI MORIN" that he has personal knowledge of the matters, facts and information contained in and comprising said answers; and that all of the matters, facts, information and answers contained therein, are true and correct.


_____
LEVI MORIN


SUBSCRIBED AND SWORN TO BEFORE ME, by LEVI MORIN, on this _____ day of _____, 201__.


_____
**NOTARY PUBLIC in and for the State of Texas**

**My Commission expires:**

_____

CAUSE NO. D-1-GN-14-003874

| | | |
|---|---|---|
| LAW OFFICE OF | § | IN THE DISTRICT COURT |
| KLEINHANS GRUBER, PLLC, | § | |
|     Plaintiff, | § | |
| v. | § | 201st JUDICIAL DISTRICT |
| | § | |
| LEVI MORIN, | § | |
|     Defendant. | § | TRAVIS COUNTY, TEXAS |

## FIRST REQUEST FOR PRODUCTION TO LEVI MORIN

To: LEVI MORIN, by and through their attorney of record, Leif Olsen, 4830 Wilson Road, Suite 300, Humble, Texas 77396.

COMES NOW, LAW OFFICE OF KLEINHANS GRUBER, PLLC, Plaintiff, and serves LEVI MORIN, Defendant with this First Request for Production pursuant to Tex. R. Civ. P. 196. Your responses to this First Request for Production are to be preceded by the particular Request for Production to which the response pertains. You are to serve your responses and objections, if any, upon LAW OFFICE OF KLEINHANS GRUBER, PLLC within thirty (30) days after you receive these discovery requests at the office of LAW OFFICE OF KLEINHANS GRUBER, PLLC's counsel, whose address is set forth below.

You are advised that an evasive or incomplete response is to be treated as a failure to respond. You are expected to supplement your responses in accordance with Tex. R. Civ. P. 193. If you fail to respond to these discovery requests as set forth above and in accordance with Tex. R. Civ. P. 196, LAW OFFICE OF KLEINHANS GRUBER, PLLC, by and through their attorney of record, may move for sanctions against you pursuant to Tex. R. Civ. P. 215.

Respectfully submitted,

Respectfully submitted,

LAW OFFICE OF KG, PLLC
ATTORNEYS FOR PLAINTIFF


By: _____
Kimberly G. Kleinhans
Texas Bar No. 24062755
kim@lawofficeofkg.com
Keith L. Kleinhans
Texas Bar No. 24065565
keith@lawofficeofkg.com
700 Lavaca, Ste. 1400
Austin, TX 78701
Telephone: 512.961.8512
Facsimile: 512.623.7320


## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 28th day of October, 2014.

Leif Olsen
4830 Wilson Road, Suite 300
Humble, Texas 77396
Telephone Number: 281.849.8382
Facsimile: No Fax Number Exists
Email: leif@olsonappeals.com
**VIA** CMRRR# 7013 2250 0001 3659 4138
**AND EMAIL**


_____
Kimberly G. Kleinhans
Keith L. Kleinhans

## DEFINITIONS

As used herein, the following terms are defined as follows:

a. "Plaintiff" means LAW OFFICE OF KLEINHANS GRUBER, PLLC and all other natural persons or business or legal entities acting or purporting to act for or on her behalf.

b. "Defendant" means LEVI MORIN, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant.

c. "Incident" or "Yelp review" as that word is used herein refers to the June 24, 2014 posting by LEVI MORIN on an internet website called Yelp.

d. "Person" means any natural person, any business, a legal or governmental entity, or an association.

e. "Occupation" means a full, accurate and complete description of the nature, type, title and employment carried on by the person inquired about; the name and address of their employer; and, the date(s) such occupation began and terminated.

f. "Document" means anything which may be considered to be a document or tangible thing within the meaning of TEX. R. CIV. P. 193 and means the original, or any copy if the original is not available, of writings and tangible things of every kind and description, and includes, but is not limited to, any drawing, graph, photograph, film, video, phone record, report, minutes, transcript, memorandum, notes, jottings, paper, letter, correspondence, communication, invoice, contract, check, check stub, accounting ledger, chart, map, plat, tape, disk, card, wire and any other electronic, magnetic or mechanical recording or transcript of any other instrument or device which contains any information or from which any information can be derived or retrieved. The term "document" also includes copies containing any information in addition to or in any way different from that contained in or on the original, and all attachments, enclosures or documents affixed or referred to in any documents to be described pursuant to these requests.

g. "Relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

h. "Statement" means any written or graphic statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical or other recording or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

i. "And" and "or" should be construed as both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all response that might otherwise be construed to be outside of its scope.

j. "You," "your" and "yourself" refer to LEVI MORIN.

k. "Communication" means the transmission or exchange of information between two or more persons, orally or in writing, through any document, as defined above, and includes, without limitation, any conversation or discussions, whether face-to-face, via telephone lines or data lines.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1.** All written reports or other documentation concerning all factual observations, supporting data, calculations, photographs and opinions of each such expert who may testify and of any consulting experts whose work product has been reviewed by an expert who may testify, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts of any oral report.

**RESPONSE NO. 1.**

**REQUEST NO. 2.** Each and every written Statement or Document in your possession concerning the Incident that you allege supports your allegations you're your Yelp review was true or substantially true.

**RESPONSE NO. 2.**

**REQUEST NO. 3.** Copies of any and all reviews of LAW OFFICE OF KLEINHANS GRUBER, PLLC or any attorney of LAW OFFICE OF KLEINHANS GRUBER, PLLC posted online by You.

**RESPONSE NO. 3.**

**REQUEST NO. 4.** Copies of any correspondence between You and Yelp concerning your Yelp review of LAW OFFICE OF KLEINHANS GRUBER, PLLC.

**RESPONSE NO. 4.**

**REQUEST NO. 5.** All Documents referenced in your Responses to First Set of Interrogatories to LEVI MORIN.

**RESPONSE NO. 5.**

**REQUEST NO. 6.** Copies of any and all postings made about LAW OFFICE OF KLEINHANS GRUBER, PLLC on Facebook, MySpace, Twitter, Friendster, Orkut, Hi5, MeetUp.com, Google +, LinkedIn or any other social media site.

**RESPONSE NO. 6.**

**REQUEST NO. 7.** All emails in your possession to or from LAW OFFICE OF KLEINHANS GRUBER, PLLC that support Your responses to Interrogatory No. 7.subparts A through I.

RESPONSE NO. 7.

REQUEST NO. 8.    All physical models, and all other exhibits that may be used at trial by any witness.

RESPONSE NO. 8.

REQUEST NO. 9.    All documents you may use as demonstrative aids at trial.

RESPONSE NO. 9.

REQUEST NO. 10.    All documents concerning any alleged criminal violation committed by LEVI MORIN.

RESPONSE NO. 10.

REQUEST NO. 11.    All published treatises, periodicals or pamphlets on the subject of history, medicine or other science or art that you claim to be a reliable authority which may be used at the time of trial.

RESPONSE NO. 11.

REQUEST NO. 12.    Any and all Documents which you contend demonstrate that LEVI MORIN was not negligent.

RESPONSE NO. 12.

REQUEST NO. 13.    Any and all documents and things prepared by, shown to, relied upon, referred to and/or reviewed by any fact witness or testifying expert witness in preparation for or while giving testimony in this case.

RESPONSE NO. 13.

REQUEST NO. 14.    Please produce copies of any letter, e-mail, text message or other written or electronic communication of any type that you have received or read from anyone (excepting only your attorney or your attorney's staff) that describes or mentions the Incident.

RESPONSE NO. 14.

**REQUEST NO 15.** Please produce any invoice and/or bill reflecting LEVI MORIN's attorney fees for this lawsuit.

**RESPONSE NO 15.**

**REQUEST NO 16.** Please produce the attorney fee contract that LEVI MORIN signed with The Olson Firm, PLLC.

**RESPONSE NO 16.**

**REQUEST NO 17.** A copy of any and all documents evidencing, identifying, and/or relating to any time spent, work performed, and/or expenses incurred by LEVI MORIN's attorneys on the above referenced and numbered cause, including but not limited to time slips, invoices, journal entries, expense reports, time reports and daily diary entries.

**RESPONSE NO 17.**

**REQUEST NO 18.** A copy of any and all documents evidencing payment for attorney fees to The Olson Firm, PLLC.

**RESPONSE NO 18.**

**REQUEST NO 19.** Any and all tape recordings in possession of LEVI MORIN that pertain to any issues in this case.

**RESPONSE NO 19.**

**REQUEST NO 20.** Any and all calendars, diaries or other written logs of LEVI MORIN that pertain to any issues in this case

**RESPONSE NO 20.**

**REQUEST NO 21.** Any and all Documents that support the allegation in Your Yelp review that, "You will be doing the majority of the work."

**RESPONSE NO 21.**

LAW OFFICE OF KLEINHANS GRUBER, PLLC

| Field | Value |
|---|---|
| Record Type | E |
| Date | 01/05/2015 |
| Time | 11:26:00 AM |
| Duration | 0:00:00 |
| Status | U |
| Description | |
| Client ID | 140184.00 |
| Contact | |
| User ID | KG |
| Sent/Received | R |
| To/From | Kimberly A. Gruber, Esq. <kim@lawofficeofkg.com> |
| Subject | Fwd: Offer declined; potential hearing dates |
| Spoke With | N |
| Returned Call | N |
| Left Message | N |
| Voice Message | N |
| First Date | mm/dd/yyyy |
| Last Date | mm/dd/yyyy |
| First Time | hh:mm:ss AM |
| Last Time | hh:mm:ss AM |
| Duration | |
| Research URL | |
| Research File | |
| E-mail Body | |

---------- Forwarded message ----------
From: Kimberly A. Gruber, Esq. <kim@lawofficeofkg.com>
Date: Mon, Jan 5, 2015 at 11:26 AM
Subject: Re: Offer declined; potential hearing dates
To: Leif Olson <leif@olsonappeals.com>

Leif-
I hope you had a good holiday.

We are still in the process of moving offices and in addition I am significantly decreasing my hours in the offices to care for our daughter and our son on the way (one of the primary reasons amoungst other personal reasons that we need to nonsuit this case). However, if you are going to push forward and make us present these facts to a judge, despite our agreement to nonsuit, we will need discovery.

Please advise whether you are in agreement to answer the discovery that was served on you nearly 45 days ago, and if so, by what date you will be answering the discovery and physically providing us production (this is the date you will physically have the production in the office NOT a date you will respond that we can send a copy service to Dallas). Additionally, we will need a hearing on our Notice of Nonsuit (and discovery or discovery deficiencies, if necessary). This hearing will need to be set prior to your requested setting on a date dependent on your response about whether you are in agreement to discovery.

PLAINTIFF'S EXHIBIT
C

02/15/2015 7:09 am

d                        Value

Finally, I am still waiting on you to provide the documents that you told me you would provide relating to the bar complaint filed by Levi Morin against myself and Michael Seigler.  Please let me know when I can expect those.

Thank you,

Kimberly Kleinhans

LAW OFFICE OF KLEINHANS GRUBER, PLLC

| Field | Value |
|---|---|
| Record Type | E |
| Date | (01/28/2015) |
| Time | 02:05:00 PM |
| Duration | 0:00:00 |
| Status | U |
| Description | Call with opposing counsel and email about settings/discovery. |
| Client ID | 140184.00 |
| Contact | Olsen/Lief |
| User ID | KG |
| Sent/Received | S |
| To/From | leif@olsonappeals.com |
| Subject | Law Office of KG, PLLC v. Morin - Settings |
| Spoke With | N |
| Returned Call | N |
| Left Message | N |
| Voice Message | N |
| First Date | mm/dd/yyyy |
| Last Date | mm/dd/yyyy |
| First Time | hh:mm:ss AM |
| Last Time | hh:mm:ss AM |
| Duration | |
| Research URL | |
| Research File | |
| E-mail Body | |

Leif-

Re our discussion today, in reviewing emails, I noticed that I am still waiting for you to let me know when you will get us discovery responses (and provide me with the complaints that Levi Morin filed on myself and Michael Seigler) so I know whether I need to set a Motion to Compel/Motion for Discovery along with our Motion to Determine Nonsuit/Strike Any Future Setting and in alt. to Revoke Notice of Nonsuit (whatever this motion may end up being called, we discussed this as well).

As soon as you get me dates when I will have discovery responses, I can look at the calendar to see the workload that I have at that time and to determine how long it will take me to review the discovery and allow me enough time to draft a Motion to Compel if needed prior to the settings on our Motion to Compel/Motion for Discovery along with our Motion to Determine Nonsuit/Strike Any Future Setting and in alt. to Revoke Notice of Nonsuit.



## Kim Kleinhans

| | |
|---|---|
| **From:** | Leif Olson <leif@olsonappeals.com> |
| **Sent:** | Friday, February 13, 2015 7:38 PM |
| **To:** | Kimberly Kleinhans Gruber (kim@lawofficeofkg.com) |
| **Subject:** | KG v. Morin: Discovery; hearings |
| **Attachments:** | 150213.Pre-motion disco resps.pdf; Morin0001-Morin0014.pdf; 150213.NOH on TCPA motion.pdf |

**JournalPM:**      J

Kim,

1. I believe that I told you over the phone a while ago that the disciplinary counsel's office destroyed the file as part of their file-retention policy. (I may be confusing that with a discussion I was having with someone else on an unrelated bar-association event.) Levi doesn't have a copy.

2. My position on discovery hasn't changed: I don't think you're entitled to it. When we spoke over the phone, you weren't willing to limit your requests or identify the ones that you thought most important. So I put together responses that appear to address the arguments that will come up at the hearing on the motion to dismiss. They're attached. You should also be getting an e-served copy.

3. And, speaking of the hearing: The absolute drop-dead date for the court to hear the motion to dismiss is Thursday, February 26, so I've set a hearing for that morning. That will leave you with no time for discovery even if the judge thinks you deserve it. I can reset the hearing for sometime next week, which would give you at least a bit of time. I would prefer to have the hearing next Thursday, anyway, but according to your amended vacation letter, you'll already be out of town. If you would rather have the chance to see the judge before the hearing deadline, I'll reset it for Tuesday (whichever of a.m. or p.m. you prefer). Just let me know.

LEIF A. OLSON

BOARD CERTIFIED, CIVIL APPELLATE LAW · TEXAS BOARD OF LEGAL SPECIALIZATION

THE OLSON FIRM, PLLC
LEIF@OLSONAPPEALS.COM
(281) 849-8382
PMB 188 • 4830 Wilson Road, Suite 300
Humble, Texas 77396



PLAINTIFF'S EXHIBIT

No. D-1-GN-14-003874

| | |
|---|---|
| LAW OFFICE OF KLEINHANS GRUBER, PLLC<br><br>v.<br><br>LEVI MORIN | 201st District Court<br>Travis County, Texas |

### Morin's Voluntary Pre-dismissal Discovery Responses

Discovery is stayed because Morin has moved for dismissal under the Texas Citizens Participation Act. Though it's not required of him, Morin, in the interest of comity, submits these responses to the discovery requests that go directly to the issues raised in the motion to dismiss. He doesn't waive the protection from discovery that the Act gives him.

Because of the stay, there's no need for Morin to object to the firm's requests, so he doesn't. But he doesn't waive the right to do so if the court orders discovery under the Act or if it denies the motion to dismiss.

Dated February 13, 2015.

THE OLSON FIRM, PLLC

/s/ Leif A. Olson
Leif A. Olson
State Bar No. 24032801
leif@olsonappeals.com
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382

### Certificate of Service

On February 13, 2015, I served this *Morin's Voluntary Pre-dismissal Discovery Responses* upon the firm's counsel, Kimberly Kleinhans, by electronic service. I also emailed a courtesy copy to kim@lawofficeofkg.com.

/s/ Leif A. Olson



## Disclosures

a. **Correct names of the parties.**

The names in the caption are correct.

b. **Potential parties.**

None.

c. **Legal theories and general factual bases for Morin's claims and defenses.**

The firm's claims are barred by the Texas Citizens Participation Act because they are based on his exercise of his liberty of free speech on a matter of public concern. The firm can't establish each element of its claims for relief through clear and specific evidence, and Morin establishes defenses to each of the firm's claims by a preponderance of the evidence.

The firm can't establish each element of its claims because it can't establish falsity, defamatory effect, malice, or damages. Morin establishes a defense to each of the firm's claims because his statements are true or substantially true and they are protected by the interested-communication privilege. The facts and legal arguments supporting these assertions are detailed in Morin's motion to dismiss.

Because the claim has to be dismissed under the Act, Morin is entitled to his legal fees and to an additional payment from the firm as a sanction.

d. **Amount and method of calculating economic damages.**

Morin is entitled to recover his legal fees and a payment from the firm imposed as a sanction. The fees are calculated by multiplying his lawyer's hourly rate by the reasonable and necessary amount of work his lawyer has put into getting the case dismissed under the Act. That amount is currently just shy of $6,000.

The firm doesn't have any damages because it has suffered no reputational injury and lost no business. (Or, in the alternative, it has legally insufficient evidence of such losses.)

e. **People with knowledge of the facts.**

1. Levi Morin
2. Keith & Kimberly Kleinhans

3. Michael Siegler
Second Floor
7000 N. Mopac Expressway
Austin, Texas 78731
(512) 509-6508

f. **Experts.**

Morin's only expert is his lawyer, Leif Olson, who will testify about the reasonable and necessary legal fees Morin incurred in this case. His resume is at Morin0013-0014.

g. **Indemnity and insuring agreements.**

None.

h. **Settlement agreements.**

None.

i. **Witness statements.**

None.

j. **Medical records or authorization.**

Not applicable.

k. **Medical records on the firm.**

None.

### Responses to Requests for Admissions

**Request for Admission No. 1:** On or around June 24, 2014 through August 20, 2014, Levi Morin's Yelp review was posted online containing a statement that Levi Morin was billed at $400.00 an hour.

**Response to Request No. 1:** Admitted.

**Request for Admission No. 2:** Law Office of Kleinhans Gruber, PLLC did not bill Levi Morin at $400.00 an hour.

**Response to Request No. 2:** Admitted.

Request for Admission **No. 3:** Levi Morin is in possession of the contract with Law Office of Kleinhans Gruber, PLLC.

Response to Request **No. 3:** Denied.

Request for Admission **No. 4:** On or around June 24, 2014 through August 20, 2014, Levi Morin's Yelp review contained false statements about Law Office of Kleinhans Gruber, PLLC.

Response to Request **No. 4:** Denied. It contained one false statement, a $50 error in Kimberly Kleinhans's billing rate.

Request for Admission **No. 5:** Levi Morin's Yelp review contains false statements about Law Office of Kleinhans Gruber, PLLC.

Response to Request **No. 5:** Denied.

Request for Admission **No. 6:** Levi Morin knew that the Yelp review contained false statements about Law Office of Kleinhans Gruber, PLLC.

Response to Request **No. 6:** Morin admits that during the span of minutes that began when Kleinhans told him that he had the wrong billing rate and that ended when he deleted the billing rate from the review, he knew that the billing rate given in the review was false. Otherwise, denied.

Request for Admission **No. 7:** Levi Morin posted the Yelp review with intent to cause financial harm to Law Office of Kleinhans Gruber, PLLC.

Response to Request **No. 7:** Denied.

Request for Admission **No. 8:** Levi Morin posted the Yelp review with intent to cause reputational harm to Law Office of Kleinhans Gruber, PLLC.

Response to Request **No. 8:** Denied.

## Responses to Requests for Production

Request for Production **No. 1:** All written reports or other documentation concerning all factual observations, supporting data, calculations, photographs and opinions of each such expert who may testify and of any consulting experts whose work product has been reviewed by an

expert who may testify, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts of any oral report.

Response to Request No. 1: Morin0001–0014.

Request for Production No. 2: Each and every written Statement or Document in your possession concerning the Incident that you allege supports your allegations you're your [sic] Yelp review was true or substantially true.

Response to Request No. 2: The Act doesn't entitle the firm to this information yet.

Request for Production No. 3: Copies of any and all reviews of Law Office of Kleinhans Gruber, PLLC or any attorney of Law Office of Kleinhans Gruber, PLLC posted online by You.

Response to Request No. 3: See Response to Request No. 2.

Request for Production No. 4: Copies of any correspondence between You and Yelp concerning your Yelp review of Law Office of Kleinhans Gruber, PLLC.

Response to Request No. 4: See Response to Request No. 2.

Request for Production No. 5: All Documents referenced in your Responses to First Set of Interrogatories to Levi Morin.

Response to Request No. 5: Morin0001–0014.

Request for Production No. 6: Copies of any and all postings made about Law Office of Kleinhans Gruber, PLLC on Facebook, MySpace, Twitter, Friendster, Orkut, Hi5, MeetUp.com, Google+, LinkedIn or any other social media site.

Response to Request No. 6: See Response to Request No. 2.

Request for Production No. 7: All emails in your possession to or from Law Office of Kleinhans Gruber, PLLC that support Your responses to Interrogatory No. 7 subparts A through I.

Response to Request No. 7: See Response to Request No. 2 and Answer to Interrogatory No. 1.

Request for Production No. 8: All physical models, and all other exhibits that may be used at trial by any witness.

Response to Request No. 8: Morin0001–0014.

Request for Production No. 9: All documents you may use as demonstrative aids at trial.

Response to Request No. 9: *See* Response to Request No. 2.

Request for Production No. 10: All documents concerning any alleged criminal violation committed by Levi Morin.

Response to Request No. 10: *See* Response to Request No. 2.

Request for Production No. 11: All published treatises, periodicals or pamphlets on the subject of history, medicine or other science or art that you claim to be a reliable authority which may be used at the time of trial.

Response to Request No. 11: *See* Response to Request No. 2.

Request for Production No. 12: Any and all Documents which you contend demonstrate that Levi Morin was not negligent.

Response to Request No. 12: *See* Response to Request No. 2.

Request for Production No. 13: Any and all documents and things prepared by, shown to, relied upon, referred to and/or reviewed by any fact witness or testifying expert witness in preparation for or while giving testimony in this case.

Response to Request No. 13: *See* Response to Request No. 2.

Request for Production No. 14: Please produce copies of any letter, e-mail, text message or other written or electronic communication of any type that you have received or read from anyone (excepting only your attorney or your attorney's staff) that describes or mentions the Incident.

Response to Request No. 14: *See* Response to Request No. 2.

Request for Production No. 15: Please produce any invoice and/or bill reflecting Levi Morin's attorney fees for this lawsuit.

Response to Request No. 15: Morin0005–0012.

Request for Production No. 16: Please produce the attorney fee contract that Levi Morin signed with The Olson Firm, PLLC.

Response to Request No. 16: Morin0001–0004.

Request for Production No. 17: A copy of any and all documents evidencing, identifying, and/or relating to any time spent, work performed, and/or expenses incurred by Levi Morin's attorneys on the above referenced and numbered cause, including but not limited to time slips, invoices, journal entries, expense reports, time reports and daily diary entries.

Response to Request No. 17: To the extent this information can't be gleaned from Morin0005–12, *see* Response to Request No. 2.

Request for Production No. 18: A copy of any and all documents evidencing payment for attorney fees to The Olson Firm, PLLC.

Response to Request No. 18: Payments are reflected in the bills, Morin0005–0012. Otherwise, *see* Response to Request No. 2.

Request for Production No. 19: Any and all tape recordings in possession of Levi Morin that pertain to any issues in this case.

Response to Request No. 19: *See* Response to Request No. 2.

Request for Production No. 20: Any and all calendars, diaries or other written logs of Levi Morin that pertain to any issues in this case

Response to Request No. 20: *See* Response to Request No. 2.

Request for Production No. 21: Any and all Documents that support the allegation in Your Yelp review that, "You will be doing the majority of the work."

Response to Request No. 21: *See* Response to Request No. 2.

Request for Production No. 22: Any and all Documents that support the allegation in Your Yelp review that, "her legal counsel consists of her arguing with you."

Response to Request No. 22: *See* Response to Request No. 2.

Request for Production No. 23: Any and all Documents that support the allegation in Your Yelp review that, "her legal counsel consist of ... sending hung over associates to court dates."

Response to Request No. 23: *See* Response to Request No. 2.

Request for Production No. 24: Any and all Documents that support the allegation in Your Yelp review that, "As well as doing almost nothing for me in the way of leading me through an overly complex legal system and helping me understand what's going on within it."

Response to Request No. 24: *See* Response to Request No. 2.

Request for Production No. 25: Any and all Documents that support the allegation in Your Yelp review that, "... she does not even know the basics of the law she claims to specialize in."

Response to Request No. 25: *See* Response to Request No. 2.

Request for Production No. 26: Any and all Documents that support the allegation in Your Yelp review that, "She told me to call the police and that they would make my ex give me my son for our court appointed time."

Response to Request No. 26: *See* Response to Request No. 2.

Request for Production No. 27: Any and all Documents that support the allegation in Your Yelp review that Kimberly Kleinhans gave, "shitty legal advice."

Response to Request No. 27: *See* Response to Request No. 2.

Request for Production No. 28: Any and all Documents that support the allegation in Your Yelp review that that Law Office of Kleinhans Gruber, PLLC has failed to, "set your case up for success later."

Response to Request No. 28: *See* Response to Request No. 2.

## Answers to Interrogatories

*In ....* The subparts of these interrogatories make them total more than the 25 allowed by Rule 190.2. Because discovery is stayed, that's currently not a problem, but Morin will object if the stay is lifted or the motion to dismiss is denied.

Interrogatory No. 1: State whether or not You have:

  A.  Made a due and diligent search of all related documents, books, reports, memos, photos and writings within your possession or under your control, in order to obtain information with respect to this action. If not, please explain why not.

  B.  Made a due and diligent inquiry of your employees, friends, relatives and those persons available to assist you in order to obtain information with respect to this action. If not, please explain why not.

  Answer to Interrogatory No. 1: The Act doesn't require this or entitle the firm to this information yet.

Interrogatory No. 2: State your full name, date of birth, address and occupation; also state the name, address, occupation and relationship to the parties of each individual who assisted the answering of these interrogatories.

  Answer to Interrogatory No. 2: Leif Olson helped.

Interrogatory No. 3: Please list all social networking websites, blogs, forums, or chat rooms, including but not limited to Facebook, MySpace, Twitter, Friendster, Orkut, Hi5, MeetUp.com, Google+, or LinkedIn, in which you have ever posted created or currently maintain a profile or user information, including, but not limited to, those that contained or contains text messages, instant messages, updates, wall posts, emails, comments, links, status messages or other information related to the claims or defenses made the basis of this lawsuit.

  Answer to Interrogatory No. 3: *See* Answer to Interrogatory No. 1.

Interrogatory No. 4: Your answer denies the allegations contained in Plaintiff's Original Petition. Are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, or item of evidence that, either directly or indirectly, supports your denial or other-

wise contradicts the allegations of the Plaintiff? If your answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

    A.  A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information

    B.  The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

    C.  The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

    D.  If the subject information is documentary, will you please, without a motion to produce, attach a copy to your answers to these interrogatories.

Answer to Interrogatory **No. 4:** *See* <u>Answer to Interrogatory No. 1.</u>

**Interrogatory No. 5:** For each affirmative defense that you are asserting, please identify the defense and specifically set forth all of the facts and evidence that you intend to use to support such defense; also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support the defense, and all persons who have knowledge of facts supporting the defense. Those persons should be identified by name, occupation, address, title, relation to the parties herein and a description of the information that they are to present.

Answer to Interrogatory **No. 5:** *See* <u>Answer to Interrogatory No. 1.</u>

**Interrogatory No. 6:** With respect to all of the documents that You have in Your possession or under Your control that are relevant to the Incident that forms the basis of this lawsuit, please identify those documents that are likely to contain the following information: documents from May 1, 2012 to the present that contain information that You al-

...ege support that the statements that made up the June 24, 2014 Yelp review of Law Office of Kleinhans Gruber, PLLC were true, including but not limited to, the documents that support Your responses to Interrogatory No. 7 below for each and every subpart:

A. Please indicate the types or categories of the documents (i.e. Invoices, Memos, Reports, Contracts, Emails, Letters, etc.) involved, and the approximate number of each type.

B. Please indicate the location of the documents and the type of storage that contains them (i.e. Legal or Letter Size File Drawers, Lateral Drawers, Boxes, etc.). Also, please indicate the number of storage units that contain the documents.

C. Please identify those portions of the requested documents that are computerized, or kept in any other digital, optical or electronic format and indicate whether the original entries were scanned, typed by hand, or entered by way of voice recognition software.

D. Set forth the names, addresses and relationships to the parties of all persons from whom written statements concerning the subject incident [or accident] have been taken; indicate the date that each statement was taken and the person who now possesses it.

Answer to Interrogatory No. 6: *See* Answer to Interrogatory No. 1.

Interrogatory No. 7: In the June 24, 2014 statements contained in your Yelp review of Law Office of Kleinhans Gruber, PLLC, you make the following allegations:

A. In regards to the allegation, "You will be doing the majority of the work," state what work you allege you performed on the family law case during your representation by Law Office of Kleinhans Gruber, PLLC, and the dates you preformed the "work."

B. In regards to the allegation, "her legal counsel consists of her arguing with you," state the dates and format (email, letter, etc.) and content of the correspondence of any instance in which You allege Law Office of Kleinhans Gruber, PLLC was arguing with You.

C. In regards to the allegation, "her legal counsel consist of ... sending hung over associates to court dates," state all dates, information and facts that you used to form your allegation that i). Michael Siegler was hung over and ii) that Kimberly Kleinhans was aware that Michael Siegler was hung over, as you allege.

D. In regards to the allegation, "As well as doing almost nothing for me in the way of leading me through an overly complex legal system and helping me understand what's going on within it," state the date and content of each instance You requested an explanation from Law Office of Kleinhans Gruber, PLLC concerning the legal system, the process of your family law case, or any question whatsoever about Your family law case and state the content of the request for explanation or question and how you conclude it was not answered by Law Office of Kleinhans Gruber PLLC.

E. In regards to the allegation, "... she does not even know the basics of the laws she claims to specialize in," state the date and format (email, letter, etc.) and substance of any correspondence that You allege Kimberly Kleinhans held out that she specialized in family law or any other area of law.

F. In regards to the allegation, "She told me to call the police and that they would make my ex give me my son for our court appointed time," state the date and format (email, letter, etc.) and substance of any correspondence that Kimberly Kleinhans made said statement.

G. In regards to the allegation that Kimberly Kleinhans gave, "shitty legal advice," state the date and format (email, letter, etc.) and substance of any correspondence that Kimberly Kleinhans gave such advice.

H. In regards to the allegation that Law Office of Kleinhans Gruber, PLLC has failed to, "set your case up for success later," state all dates, information and facts that you used to form your allegation.

**Answer to Interrogatory No. 7:** Subpart C presumes that the review states that Kleinhans was aware of Siegler's hangover. It doesn't. This is one of the details that can be gleaned from the motion to

dismiss and Morin's supporting affidavit, to which the firm should refer. Other than that, *see* Answer to Interrogatory No. 1.

Interrogatory No. 8: To the extent that you have not already done so, state in detail, your version and description of the events which are the subject of the Original Petition; include all of your personal observations. Please provide all relevant times, dates, names and locations.

Answer to Interrogatory No. 8: This is given in Morin's motion to dismiss and supporting affidavit. Other than that, *see* Answer to Interrogatory No. 1.

Interrogatory No. 9: Identify all discoverable, consulting experts, that is, consulting experts whose work has been reviewed by the testifying expert. *See* Tex. R. Civ. P. 192.3(e). For each expert named, provide the following information:

A. The expert's name, address, and telephone number.

B. The expert's current résumé and bibliography.

C. The facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired.

D. The mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them.

E. Any bias of the expert.

F. Identify all documents and tangible things, including reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for the expert, so the documents or tangible things may properly be sought by a request for production.

Answer to Interrogatory No. 9: None.

Interrogatory No. 10: Do you contend that there was any failure on the part of the Law Office of Kleinhans Gruber, PLLC to mitigate their damages? If your answer is anything other than an unqualified "No," please set forth the following information specifically and in detail:

A. The precise manner in which the Law Office of Kleinhans Gruber, PLLC failed to mitigate their damages.

B. Set forth each specific action that the Law Office of Kleinhans Gruber, PLLC should have taken to mitigate or their damages.

**Answer to Interrogatory No. 10:** Yes, the firm did not mitigate. The firm could have posted a response to the review as soon as it became aware of it. Instead, it waited for weeks to do so.

**Interrogatory No. 11:** Pursuant to Rule 192.3(b) of the Texas Rules of Civil Procedure (*excepting those matters exempt from disclosure by privilege, as to which this question does not apply*), request is made that you describe and indicate the nature of any existing document or tangible item which may constitute or contain matters relevant to the subject matter of this action, further indicating the custodian and location if the items are not within your possession, custody or control.

**Answer to Interrogatory No. 11:** *See* Answer to Interrogatory No. 1.

**Interrogatory No. 12:** You contend that Your Yelp review of Law Office of Kleinhans Gruber, PLLC contained statements of truth, substantial truth and/or opinion, for each statement contained in the Yelp review, list under the category you allege the statement falls into:

A. Truth.

B. Substantial truth.

C. Opinion.

**Answer to Interrogatory No. 12:** It's the firm's obligation to identify the statements it believes are defamatory, not Morin's job to predict which ones it will complain about. At any rate, this is covered in Morin's motion to dismiss, and the firm should otherwise *see* Answer to Interrogatory No. 1.

**Interrogatory No. 13:** If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. *See* Tex. R. Evid. 404(a)(1)(B), 609(a).

**Answer to Interrogatory No. 13:** *See* Answer to Interrogatory No. 1.

Interrogatory No. 14: For each document produced in response to First Request for Production to Levi Morin, identify which responsive Request for Production number(s) the document is being produced pursuant to.

Answer to Interrogatory No. 14: See the responses to the requests.

 

**LEIF A. OLSON**

**BOARD CERTIFIED®**
Texas Board of Legal Specialization.
CIVIL APPELLATE LAW

October 8, 2014

Levi Morin
c/o The Directional Drilling
 Company
11390 FM 830
Willis, Texas 77318

*By email to levimorin@gmail.com*

Re:    Lawsuit by Kleinhans Gruber PLLC
       Representation agreement

Dear Levi:

This letter confirms the terms of my representation of you in the lawsuit that Kleinhans Gruber filed against you. If you agree to these terms, please sign at the bottom of this agreement and return it to me.

**A.  Scope of representation.**

I will represent you in *Law Office of Kleinhans Gruber PLLC v. Levi Morin*, Case D-1-GN-14-003874 in the 201st District Court of Travis County, which this letter will call "the Lawsuit." The representation will begin once I have received a signed copy of this agreement and you have paid the retainer described in Section C. It will end when the trial court's judgment becomes final.

My representation is limited to the Lawsuit. If you would like me to give you additional legal help or represent you in another problem or dispute, even one involving Kleinhans Gruber, we will need to sign another Representation Agreement covering that dispute.

I have the final authority regarding procedural matters and the scope and content of all communications and correspondence to courts and to other parties about the Lawsuit.

**B.  Fees and expenses.**

My fee for this representation is $285 per hour. I will defer billing all but $75 per hour of that amount until the end of the representation.

Road, Suite 300 • Humble, Texas 77396
OLSONAPPEALS.COM • (281) 849-8382

Morin0001

Levi ...
Lawsuit ... ... PLLC.
Repr. ...

If there is a recovery of legal fees and expenses as part of a judgment or other recovery, those fees are payable directly to me, not to you. A recovery that exceeds the amount you have paid is payable directly to me, not to you.

You are also responsible for paying expenses. I don't charge for most internal expenses like in-house photocopies, office supplies, phone calls, standard on-line legal research, or faxes. I won't incur an expense of more than $200 without your consent.

I'm not responsible for paying judgments or other assessments, including legal fees or court costs, that an opposing party might recover.

## C. Retainer, billings and payments.

For this representation, I will require a retainer of $2,500. I will hold that retainer in my trust account. This retainer may not drop below $1,500. If it does, you must replenish it to at least that amount.

I will bill you each month. You will pay the bill by having me withdraw from your retainer to my operating account the amount billed. If the withdrawal reduces the remaining amount of your retainer to less than $1,500, you must replenish the retainer to at least that level within 30 days. If billings exceed the amount of your remaining retainer, you are responsible for replenishing the retainer *and* paying the amount of the bill greater than the retainer.

If your replenishment or payment is more than 30 days after receiving the bill, that constitutes good cause for me to end the representation.

## D. Cooperation; privileged communications.

You will cooperate with me in, and fulfill all of my reasonable requests regarding, my work on the Lawsuit. This includes, for example, giving copies of documents or information, signing documents, preparing for and giving depositions and testimony, and participating at trials and hearings.

The lawyer-client privilege makes all of our communications, whether they're oral or in writing, confidential. It is my duty as a lawyer to keep those communications and their contents confidential. Because of the effect that revealing those communications or their con-

Morin0002

Level 1
Lawsuit Retainer for a Flat
Representation

tents could have on the resolution of the Lawsuit, you also agrees to keep all of these communications confidential. This includes not repeating them, talking about them, sending them, or forwarding them to anyone else.

### E. No guarantee.

Statements I might make about the potential outcome of the Lawsuit are only statements of opinion. I can't, and don't, guarantee any particular outcome. You agree that I haven't represented that you will get a particular outcome or that a court will reach a particular judgment.

### F. Right to end representation.

If I learn something that, in my sole opinion, makes it impractical or unethical for me to keep representing you, I can end the representation. If I do, I will have no further duty to handle the Dispute. I can also end the representation if I have good cause to do so. If I end the representation for good cause or because of an ethical bar, I will still be entitled to be paid for the work I have performed.

You can end the representation at any time. If you do so without cause, I will still be entitled to be paid for the work I have performed.

If there are still retained funds remaining when the representation ends, I will return them to you.

To end the representation, we can write to each other at our last known email or physical addresses.

### G. State Bar of Texas notice.

I have included a copy of the Texas Lawyer's Creed; I handle all of my representations in accordance with it. I also support the State Bar's enforcement of Disciplinary Rules, which ask me to tell you:

> The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas lawyers. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of the General Counsel gives clients information about how to file a complaint about a lawyer. Clients

Morin0003

can call the State Bar's General Counsel toll-free at 1 (800) 932-1900 for more information.

## H. Conclusion.

If you agree to these terms of representation, please sign this agreement and return it to me. Once I receive it, I will send you a copy for your record.

I look forward to working with you. If you have questions or concerns, please don't hesitate to call.

Very truly yours,

Leif A. Olson

Agreed:

10-10-2014

Levi Morin         Date

Morin0004



# OLSON FIRM
### PLLC

## Invoice No. 036-1

December 4, 2014

Levi Morin
165 South Guadalupe #222
San Marcos, Texas 78666

Matter: SLAPP case by Kleinhans Gruber

Firm matter number: 1419

for services **through December 3, 2014**

### Legal work

| Date | Task | Hours | Amount |
|------|------|-------|--------|
| 10/7/2014 | Review ████; review ████ draft ████ ; correspond with client ████ ; set deadlines on calendar; outline ████. | 1.8 | 513.00 |
| 10/27/2014 | Draft ████; telephone conference with K. Kleinhans regarding special exceptions; edit ████ ; research ████ ; respond with ████ ; revise letter ████; file and serve answer; review correspondence ████ ; send letter response to lawsuit. | 3.3 | 940.50 |
| 11/25/2014 | Research cases ████ special exceptions ████; draft ████ ; begin to draft ████ ████. | 3.1 | 883.50 |
| 11/26/2014 | Research ████ ████; draft ████ motion. | 2.8 | 798.00 |
| 11/29/2014 | Research damages ████ ████ drafting ████. | 5.1 | 1453.50 |
| 11/30/2014 | ████ ████; begin revisions and editing; ████ | 4.2 | 1197.00 |

████ 300 ████LE, TEXAS 77396
████.COM • (281) 849-8382

Morin0005

The Client                                                                                      Levi Morin
Tax ID No.                                                                           Invoice No. 036-1
                                                              For services through December 3, 2014

| 12/1/2014 | ████████████████████████; continue revisions ██ █████ exhibits to motion; ███████; finalize, file, and serve reply | 6.8 | 1938.00 |
| 12/3/2014 | Finalize and file revised version of motion with attachments and proposed order. | 0.3 | 85.50 |
| | *write off 12/3/2014 - file motion to dismiss* | -0.3 | -85.50 |
| | **Total legal work this invoice** | 27.1 | **$7,723.50** |

## Expenses

| Date | Expense | Amount |
|------|---------|--------|
| 10/27/2014 | Filing fee (motion) | 2.21 |
| 12/1/2014 | Filing fee (motion to dismiss) | 2.21 |
| 12/3/2014 | Filing fee (motion to dismiss) | 2.21 |
| | *write off of fee for refiling motion to dismiss* | -2.21 |
| | **Total expenses for this invoice** | **$ 4.42** |

## Totals

| Items | Date | Amount | Balance |
|-------|------|--------|---------|
| Total for this invoice | 12/5/2014 | 7,727.92 | 7,727.92 |
| Outstanding balance | | 0 | 0 |
| Payments received | | 0 | 0 |
| Payments deducted from trust account | 12/4/2014 | 2,032.50 | 5,695.42 |
| | **Total amount now due** | **$ 1,032.50** | |

*Please indicate on your check that your payment is for Invoice 036-1.*

**Morin0006**

Invoice                                                              Levi Morin
Tax ID No.                                                   Invoice No. 036-1
                                              For services through December 3, 2014

---

## Trust Statement

| Date | Transaction | Amount |
|------|-------------|--------|
| 11/6/2014 | Deposit of retainer | 2,500.00 |
| 12/4/2014 | Payment of fees for Invoice 36-1 | -2,032.50 |
| | **Trust account balance** | **$ 467.50** |
| | **Payment required to replenish deposit** | **$ 1,032.50** |

December                                                          PAGE 3 OF 3

Morin0007

 **Invoice No. 036-2**

January 5, 2015

Levi Morin
165 South Guadalupe #232
San Marcos, Texas 78666

Matter: SLAPP case by Kleinhans Gruber

Firm matter number: 1419

for services from December 4, 2014, through December 31, 2014

## Legal work

| Date | Task | Hours | Amount |
|------|------|-------|--------|
| 12/8/2014 | Telephone conference with client ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; compose email to client ▮▮▮▮▮. | 0.3 | 85.50 |
| 12/18/2014 | Follow-up emails with client ▮▮▮▮▮▮▮▮. | 0.1 | 28.50 |
| 12/22/2014 | Correspond with K. Gruber on response to settlement offer, counter-offer, dates for hearing, client's outstanding fees, discovery responses, KG's nonsuit, and results of nonsuit. | 1.4 | 399.00 |
| 12/30/2014 | Respond to KG settlement offer: ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮; send email to K. Gruber seeking dates for motion to dismiss. | 0.3 | 85.50 |
| 12/31/2014 | Review correspondence from KG regarding dates unavailable for trial or hearings. | 0.1 | 28.50 |
| | **Total legal work this invoice** | **2.2** | **$ 627.00** |

## Totals

| Items | Date | Amount | Balance |
|-------|------|--------|---------|
| Total for this invoice | 1/4/2015 | 627.00 | 627.00 |
| Outstanding balance | Invoice 036-1: 12/5/2014 | 5,695.42 | 6,322.42 |
| Payment deducted from trust account | 1/4/2015 | 165.00 | 6,157.42 |
| | **Total amount now due** | | **$ 0.00** |

▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ROAD, SUITE 300 • HUMBLE, TEXAS 77396
▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮APPEALS.COM • (281) 849-8382

Morin0008

## Trust Statement

| Date | Transaction | Amount |
|------|-------------|--------|
| 12/4/2014 | Balance as of Invoice 036-1 | 467.50 |
| 12/11/2014 | Deposit replenishment | 1032.32 |
| 1/4/2015 | Payment for Invoice 036-2 | -165.00 |
| | Trust account balance | $1,334.82 |
| | Payment required to **replenish deposit** | $ 165.18 |

*Please mail payment to:*

THE OLSON FIRM, PLLC
Tax ID No. 46-2442544

PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396

Morin0009

The Olson Law ...
Tax ID No. ...

Levi Morin
Invoice No. 036-2

Morin0010

 **PLLC**

Invoice No. 036-3

February 3, 2015

Levi Morin
165 South Guadelupe #222
San Marcos, Texas 78666

Matter: SLAPP case by Kleinhans Gruber

Firm matter number: 1419

for services from **January 1, 2015, through January 31, 2015**

### Legal work

| Date | Task | Hours | Amount |
|------|------|-------|--------|
| 1/6/2015 | Telephone conference with Disciplinary Counsel's office regarding complaints against KG; correspond with client ████ ███████████; review correspondence from K. Kleinhans regarding discovery and hearing dates. | 0.3 | 85.50 |
| 1/19/2015 | Schedule telephone conference with K. Kleinhans. | 0.1 | 28.50 |
| 1/28/1930 | Telephone conference with K. Kleinhans regarding hearings and discovery. | 0.3 | 85.50 |
| 1/30/2015 | Draft ██████████████████. | 1.5 | 427.50 |
| | **Total legal work this invoice** | **2.2** | **$ 627.00** |

### Totals

| Items | Date | Amount | Balance |
|-------|------|--------|---------|
| Total for this invoice | 2/3/2015 | 627.00 | 627.00 |
| Total amount due | | $75/hr * 2.2hr | 165.00 |
| Payments deducted from trust account | 2/3/2015 | 165.00 | 462.00 |
| Outstanding balance | January 4, 2015 Invoice 036-2 | 6,157.42 | 6,619.42 |
| **Total remaining balance** | | | **6,619.42** |

PMB 188 · 14610 AVERSON ROAD, SUITE 300 · HUMBLE, TEXAS 77396
WWW.PERSECUTIONAPPEALS.COM · (281) 849-8382

**Morin0011**

The Olson Firm                                                      Levi Morin
Tax ID No. 46-2442544                                        Invoice No. 036-3

## Trust Statement

| Date | Transaction | Amount |
|------|-------------|--------|
| 1/4/2015 | Balance as of Invoice 036-2 | 1,334.82 |
| 1/16/2015 | Deposit replenishment | 165.18 |
| 2/3/2015 | Payment for Invoice 036-3 | -165.00 |
| | Trust account balance | $1,335.00 |
| | Payment required to replenish deposit | $165.00 |

*Please mail payment to:*

THE OLSON FIRM, PLLC
Tax ID No. 46-2442544

PMB 188
1530 Wilson Road, Suite 300
Humble, Texas 77396

Morin0012

# Leif A. Olson

PMB 188 • 4830 Wilson Road, Suite 300 • Humble, Texas 77396
(281) 849-8382 • leif@olsonappeals.com

**Summary**
Board-certified civil appellate lawyer focusing on appellate and other complex litigation. Tried more than a dozen cases to jury verdict. Handled appeals before Texas Supreme Court and courts across Texas and the nation.

**Work**
The Olson Firm, PLLC
Founded after 10 years of experience in commercial, appellate, and other complex litigation with international and boutique trial firms.

*Representative work includes*:

- *Per curiam* reversal from Texas Supreme Court, rejecting unanimous reasoning of eight intermediate appellate courts.

- Coordinate dispositive motion and error-preservation strategies for high-profile, multi-billion-dollar mass-tort case. Class certification denied and summary judgment rendered for client.

- Temporary injunction for inventor of dietary supplement against former business partners. Injunction affirmed on appeal; confidential settlement.

- Verdict in favor of client's counter-claim in cross-suits over multi-million-dollar real-estate contract. Affirmed on appeal.

- Addressing questions of first impression in Texas, affirmation on appeal of verdict in favor of client's counter-claim on multi-million-dollar real-estate contract.

- Summary judgment for defendant in multi-million-dollar breach-of-employment-contract suit. No appeal.

- Defense of multi-million dollar suit alleging groundwater contamination of residential properties. Single-claim plaintiff nonsuited on morning of summary-judgment argument. Confidential settlements with other plaintiffs following extensive motion practice and preparation on class-action issues.

- Representation of plaintiffs and defendants in statutory-fraud, deceptive trade practices, securities, derivative, consumer, and other business-tort claims.

**Clerkship**
U.S. District Judge Lynn N. Hughes

**Education**
University of Chicago Law School, J.D., 2001

Trinity University, B.A. *cum laude* in Economics, 1998; Phi Beta Kappa

**Admissions and Certifications**
U.S. Supreme Court

U.S. Court of Appeals for the Fifth Circuit

U.S. District Courts for Eastern, Northern, and Southern Districts of Texas

Texas; Oregon (inactive)

**Morin0013**

| | |
|---|---|
| **Selected Speeches and Publications** | "Transitioning from Trial to Appeal," TexasBarCLE Federal Court Practice Seminar (May 16, 2014) |
| | *Post-Judgment Motions and the Transition from Trial to Appeal, in* FEDERAL COURT PRACTICE 2014, ch. 11, TexasBarCLE (2014) |
| | "10 Tips for Your Practice in Federal Court" and "Claims for Attorney Fees," Texas Young Lawyers Association Ten Minute Mentor, *available at* tenminutementor.com (November 2013) |
| | "Transitioning from Trial to Appeal—Post Trial Motions," TexasBarCLE Federal Court Practice Seminar (May 24, 2013) |
| | "Getting It In: Expert Testimony," TexasBarCLE Success Strategies for Young Lawyers Seminar (March 1, 2013) |
| | "Pleadings," TexasBarCLE Federal Court Practice Seminar (May 25, 2012) |
| | Editor-in-chief, PEACE OF MIND: A GUIDE TO SUPPORTING SPECIAL KIDS WITH SPECIAL NEEDS, Texas Young Lawyers Association (2010). |
| | "Subsurface Trespass Through Hydraulic Fracture," State Bar of Texas Oil, Gas & Energy Resources Section Annual Meeting (June 16, 2006) |
| | *Avoiding Liability for Subsurface Trespass Through Hydraulic Fracture*, OIL, GAS & ENERGY RES. SEC. REP., Dec. 2005, at 94 |
| **Professional** | Houston Young Lawyers Association, President, 2009–10 |
| | Texas Young Lawyers Association, Director, 2010–14 President's Award of Merit, 2013, 2014 |
| | Houston Young Lawyers Foundation, Trustee, 2007–09; Life Fellow |
| | Federalist Society, Director, Houston Lawyers Chapter, 2003–present |
| | Houston Bar Foundation, Life Fellow |
| | Texas Bar Foundation, Fellow |
| | Pro Bono College of the State Bar of Texas |
| | College of the State Bar of Texas |

**MorIn0014**

# Kim Kleinhans

| | |
|---|---|
| **From:** | Leif Olson <leif@olsonappeals.com> |
| **Sent:** | Sunday, February 15, 2015 4:52 PM |
| **To:** | Kim Kleinhans |
| **Subject:** | Re: KG v. Morin: 2/26 alleged setting (not yet set but noticed at 9 pm 2/13) |

**JournalPM:** J

The motion was filed on December 1. The exhibits were filed on December 3.

I'm happy to ask for a finding of good cause.

I'll see you Tuesday morning.

**Leif A. Olson**
**The Olson Firm, PLLC**
(281) 849-8382
leif@olsonappeals.com
Sent from my mobile, so please excuse misspellings.

On Feb 15, 2015, at 7:18 AM, "Kim Kleinhans" <kim@lawofficeofkg.com> wrote:

> Leif-
> 12/1 is a Monday so 12/3 was the first deadline.
>
> Re missing the second deadline, there has been no agreement between us to extend it and no finding by the court. One or the other is required to have an extension past 1/30 deadline.
>
> If you are not in agreement to remove the 2/26 setting despite the information herein, I will file all my motions (including sanctions) and set them Tuesday 2/17 at 9 am as set forth below as you have allowed us no other option and have already stated you are available. Again, I reiterate, we are not in agreement to have your Motion to Dismiss heard on this 2/17 as I am spending all my time taking care of preliminary issues there is no time for me to review the motion to dismiss and respond.
>
> Best regards,
>
> Kimberly G. Kleinhans, Attorney at Law
> Law Offices of KG, PLLC
> 12600 Hill Country Blvd., Ste. R-275
> Austin, Texas 78738
> Facsimile: 512.623.7320
> Office: 512.961.8512
> kim@lawofficeofkg.com
> www.lawofficeofkg.com
>
> Please take notice that as of 12/31/14 we are no longer receiving any mail at any address other than as set forth in this email. Please update our address in your records accordingly.



<image003.png>This message is intended only for the personal and confidential use of the recipient(s) named above. If you are not the intended recipient of this message you are hereby notified that any review, dissemination, distribution or copying of this message is strictly prohibited. This communication is for information purposes only. Email transmission cannot be guaranteed to be secure or error-free. As long as recipient(s) named above have signed an attorney-client fee agreement with Law Office of KG, PLLC, this e-mail correspondence may be attorney-client privileged. Law Office of Kleinhans Gruber, PLLC, is registered in the state of Texas and the county of Travis, to do business as Law Office of KG, PLLC.

---

**From:** Leif Olson [mailto:leif@olsonappeals.com]
**Sent:** Saturday, February 14, 2015 9:03 PM
**To:** Kim Kleinhans
**Cc:** Keith L. Kleinhans
**Subject:** Re: KG v. Morin: 2/26 alleged setting (not yet set but noticed at 9 pm 2/13)

1. A deadline that falls on a weekend or holiday is bumped to the next business day.

2. The deadline for a hearing can be extended until the 90th day if there's a good-faith reason for it. Attempting to come to an agreement on discovery you would like to have when I believe that you're entitled to none of it is a good-faith reason for a 30-day bump.

3. I said repeatedly that I don't think you are entitled to discovery and found no reason to say so a fourth (or fifth; I can't remember) time. You haven't asked the court to order any discovery, and we gave you some, anyway. If you believe that to be sanctionable, I can't stop you from filing a motion.

4. I had forgotten that you had moved your vacation back a week. I apologize.

5. The statute is clear as to the drop-dead deadlines. If I have been procrastinating, the effect has been to give you extra time to prepare a response.

6. There is no opportunity for a continuance. February 26 is, by statute, the last day for this motion to be heard. If you decide to move for a continuance anyway, let the coordinator know that we're fine with a Tuesday morning setting. The Act requires reimbursement for every fee incurred to defend against the suit through dismissal, and I can reschedule my other Austin appointments to handle them a couple of days earlier, so I'm fine with putting it on my calendar as soon as I get the NOH. Because I've got to make sure my calendar is set, we don't waive the three-day notice requirement in the TCRPs, but if you want that setting, we waive the setting and announcement deadlines under the Travis County rules.

7. If you'd like to enter into a Rule 11 (1) authorizing the trial court to rule later under the same operative portions of the Act and (2) stipulating to an agreed interlocutory appeal if the motion is denied — essentially, to give Leif the same protections the Act gives him even though the hearing is later — I'm happy to discuss that. Otherwise, I'll be at the courthouse on the 26th.

I hope that you and Keith have a wonderful vacation. Travel safely.

**Leif A. Olson**
**The Olson Firm, PLLC**
*Board Certified, Civil Appellate Law — Texas Board of Legal Specialization*
leif@olsonappeals.com
(281) 849-8382
Sent from my iPad, so please excuse misspellings.

2

On Feb 14, 2015, at 8:15 PM, Kim Kleinhans <kim@lawofficeofkg.com> wrote:

Leif

I just received the below email from 9 p.m. last night. First and foremost, you have failed to timely motion for dismissal in 60 days (December 1st was the due date and we didn't receive your motion until December 3rd). In addition, you missed the second deadline, as you have failed to timely set your Motion to Dismiss within 60 days of filing the late Motion to Dismiss; the deadline for a 12/1 timely filed motion would have been on or around January 30, 2014 and still isn't set according to the online database (attached). Please advise how you plan to make a good faith argument that this setting was timely.

Further, your continued intent to cause delay by refusing to respond to my prior emails and requests and to wait until right before we leave for noticed vacation to set the hearing for right when we get back from out of the country is not only extremely unprofessional, it leaves us with no option other than going forward requesting sanctions for intentional bad faith behavior.

Between Leif and I, we have 4 settings before we leave for noticed vacation (February 16th to 25th as attached notices states). When we return, we already have a deposition scheduled on the defendant. This has already been rescheduled countless times and cannot be rescheduled as we are on a tight scheduling order. Additionally, opposing counsel's schedule is booked a year out and does not have availability to reschedule as he has told us in response to past requests. Therefore, we are wholly unavailable the 26th and this date was never presented to us or agreed upon. Your procrastination in waiting to set this until the last minute should not prejudice us as you had 4 months to set this and you failed to do so.

Since this notice was received after business hours on a Friday, we will have to wait until Monday to call into the court to find out when our Motion for Continuance, Et. Al. can be heard by the judge but it will have to be tentatively noticed for 9:00 a.m. on Tuesday the 24th and heard sometime amongst my other 2 other settings at a time convenient for the court. We will absolutely not agree to set the Motion for Dismiss on Tuesday the 24th as that is not timely notice and certainly not enough time to hire counsel, and/or prepare a response and prepare for a setting that could dismiss our entire case if we aren't adequately prepared.

Kimberly G. Kleinhans, Attorney at Law
Law Offices of KG, PLLC
12600 Hill Country Blvd., Ste. R-275
Austin, Texas 78738
Facsimile: 512.623.7320
Office: 512.961.8512
kim@lawofficeofkg.com
www.lawofficeofkg.com

Please take notice that as of 12/31/14 we are no longer receiving any mail at any address other than as set forth in this email. Please update our address in your records accordingly.

<image001.png> This message is intended only for the personal and confidential use of the recipient(s) named above. If you are not the intended recipient of this message you are hereby notified that any review,

3

dissemination, distribution or copying of this message is strictly prohibited. This communication is for information purposes only. Email transmission cannot be guaranteed to be secure or error-free. As long as recipient(s) named above have signed an attorney-client fee agreement with Law Office of KG, PLLC, this e-mail correspondence may be attorney-client privileged. Law Office of Kleinhans Gruber, PLLC, is registered in the state of Texas and the county of Travis, to do business as Law Office of KG, PLLC.

From: Leif Olson [mailto:leif@olsonappeals.com]
Sent: Friday, February 13, 2015 7:38 PM
To: Kimberly Kleinhans Gruber (kim@lawofficeofkg.com)
Subject: KG v. Marin: Discovery; hearings

Kim,

1. I believe that I told you over the phone a while ago that the disciplinary counsel's office destroyed the file as part of their file-retention policy. (I may be confusing that with a discussion I was having with someone else on an unrelated bar-association event.) Levi doesn't have a copy.

2. My position on discovery hasn't changed: I don't think you're entitled to it. When we spoke over the phone, you weren't willing to limit your requests or identify the ones that you thought most important. So I put together responses that appear to address the arguments that will come up at the hearing on the motion to dismiss. They're attached. You should also be getting an e-served copy.

3. And, speaking of the hearing: The absolute drop-dead date for the court to hear the motion to dismiss is Thursday, February 26, so I've set a hearing for that morning. That will leave you with no time for discovery even if the judge thinks you deserve it. I can reset the hearing for sometime next week, which would give you at least a bit of time. I would prefer to have the hearing next Thursday, anyway, but according to your amended vacation letter, you'll already be out of town. If you would rather have the chance to see the judge before the hearing deadline, I'll reset it for Tuesday (whichever of a.m. or p.m. you prefer). Just let me know.

Leif A. Olson

BOARD CERTIFIED • CIVIL APPELLATE LAW • TEXAS BOARD OF LEGAL SPECIALIZATION

THE OLSON FIRM, PLLC

LEIF@OLSONAPPEALS.COM

(281) 849-8382

PMB 188 • 4830 Wilson Road, Suite 300

Humble, Texas 77396

4

<15-03.14_No Settings on Menu.pdf>

<15-01.28_Amended Notice of Unavail.pdf>

5

 **Austin Process LLC**

Exhibit C Page 001

 **INVOICE**

**Invoice #MST-2014003433**
**9/30/2014**

**Send Payments To:**
**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**Phone: (512) 480-8071**
**Fax: (512) 480-8072**

Law Offices of KG, PLLC
700 Lavaca Street
Suite 1400
Austin, TX 78701

Reference Number: KG v. Morin
Your Contact: Kimberly G Kleinhans
**Case Number: Travis D-1-GN-14-003874**

Plaintiff:
**Law Office of Kleinhans Gruber, PLLC**

Defendant:
**Levi Morin**

Received: 9/25/2014   Served: 9/30/2014 8:06 am  INDIVIDUAL/PERSONAL
To be served on: Levi Morin

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Process Service: Austin, TX | 1.00 | 75.00 | 75.00 |
| TOTAL CHARGED: | | | $75.00 |
| **BALANCE DUE:** | | | **$75.00** |

Thank you for your business!  Make payments online through PayPal at WWW.AUSTINPROCESS.COM
Please write invoice number on your check or enclose a copy of this invoice with your payment.  Payments not received
within thirty days will be assesed a $10.00 late fee.

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

Exhibit C - Page 002

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-14-003874

LAW OFFICE OF KLEINHANS GRUBER, PLLC

, Plaintiff

vs.

LEVI MORIN

, Defendant

TO:  LEVI MORIN
     1901 ONION CREEK PARKWAY, #3107
     AUSTIN, TEXAS 78748

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION, REQUEST FOREQUITABLE RELIEF & REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 24, 2014 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 25, 2014.,

REQUESTED BY:
KIMBERLY G. KLEINHANS
700 LAVACA STREET, SUITE 1400
AUSTIN, TEXAS 78701
TELEPHONE: (512) 961-8512
FAX: (512) 623-7320

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: BARI HENSON

-- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION, REQUEST FOREQUITABLE RELIEF & REQUEST FOR DISCLOSURE AND LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the _____

_____ day of _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

AUSTIN PROCESS, LLC
809 NUECES
Printed Name of Server
AUSTIN, TX 78701

D-1-GN-14-003874

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

SERVICE RETURN ATTACHED

Filed in The District Court
of Travis County, Texas
County, Texas

P01 - 000023647

SEP 30 2014
1:57
At _____ M.
Amalia Rodriguez-Mendoza, Clerk

Exhibit C - Page 003

# AFFIDAVIT OF SERVICE

**State of Texas**          **County of Travis**          **201st Judicial District Court**

Case Number: D-1-GN-14-003874

Plaintiff:
**Law Office of Kleinhans Gruber, PLLC**
vs.
Defendant:
**Levi Morin**

For:
Law Offices of KG, PLLC
700 Lavaca Street
Suite 1400
Austin, TX 78701

Received by Austin Process LLC on the 25th day of September, 2014 at 4:10 pm to be served on **Levi Morin, 1901 Onion Creek Parkway #3107, Austin, TX 78748.**

I, Nicole M. Hybner, being duly sworn, depose and say that on the **30th day of September, 2014 at 8:06 am, I:**

**INDIVIDUALLY/PERSONALLY** delivered a true and correct copy of the **Citation, Plaintiff's Original Petition, Request for Equitable Relief & Request for Disclosure with Civil Case Information Sheet** with the date of service endorsed thereon by me, to: **Levi Morin** at the address of: **1901 Onion Creek Parkway #3107, Austin, TX 78748**, as an authorized agent of Austin Process, LLC, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 30th day of September, 2014 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Nicole M. Hybner**
SCH-9631, Exp. 4/30/15

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2014003433
Ref: KG v. Morin

DANE R CUPPETT
My Commission Expires
December 8, 2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t